Gabrielli, J.
Presented for our determination is a constitutional challenge to GPL 720.20 (subd 1) which sets forth the procedures for youthful offender treatment. Appellant claims that the statutory provisions are violative of the equal protection guarantees of the United States and New York State Constitutions because otherwise eligible youths charged with felonies in a "superior court” are afforded youthful offender treatment only at the discretion of the court while those charged with lesser crimes in a "local criminal court” are mandatorily entitled to such treatment.
Defendant, who was just short of 17 years of age at the time of the commission of the crime, was indicted by a Grand Jury for the crimes of robbery in the second degree and assault in the second degree, both class D felonies. Following plea negoti *583 ations defendant entered a plea of guilty in Supreme Court, Kings County, to the crime of assault in the third degree, a class A misdemeanor. The court, in accepting the plea, found that the defendant was an "eligible yoúth” as defined in CPL 720.10.[1] Exercising the discretion conferred upon it pursuant to CPL 720.20 (subd 1, par [a]), however, the court denied the defendant youthful offender treatment on the basis of a highly unfavorable probation report, revealing prior encounters with the law, and ultimately sentenced him to a one-year period of incarceration (see Penal Law, §§ 60.01, 60.02). Defendant’s plaint, therefore, is that if he had been convicted of assault in the third degree in a "local criminal court”, adjudication as a youthful offender would have been mandatory. We agree with the Appellate Division that this difference in treatment is not invidiously discriminatory and does not constitute a violation of defendant’s right to equal protection of the laws.
The statute under attack (CPL 720.20, subd 1) articulates the following distinction between youths convicted in "local criminal courts” and those convicted in "superior courts”:
"1. Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender. Such determination shall be in accordance with the following criteria:
"(a) If in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years, the court may, in its discretion, find the eligible youth is a youthful offender; and
"(b) Where the conviction is had in a local criminal court and the eligible youth had not prior to commencement of trial or entry of a plea of guilty been convicted of a crime or found a youthful offender, the court must find he is a youthful offender.”
Prior to embarking upon a discussion of defendant’s equal protection claim, it is both instructive and important to note *584 that the Criminal Procedure Law shifted the determination of youthful offender status from the prepleading stage to the postconviction stage thus eliminating the proliferation of unnecessary and futile probation reports in the substantial percentage of cases which did not result in convictions; and, in many instances, the statute provides for speedier dispositions (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 720, pp 315-316). Under the prior statute (Code Crim Pro, § 913-g, subds 3, 4), regardless of the charge, final determination of youthful offender status always remained within the discretion of the court which was entitled to consider the probation report as well as any other facts presented which might reveal the defendant’s prior behavior (see Pitler, New York Criminal Practice, § 7.40, p 372). Under the current formula in the Criminal Procedure Law, no step is taken until after conviction when, in the superior court, the Judge makes a determination on the basis of a presentence report and investigation as to whether a youth should be afforded youthful offender treatment. Thus, in a superior court the function of the Judge is similar to that which existed under the Code of Criminal Procedure except that the decision concerning youthful offender treatment is made at a different stage in the criminal process. In a local criminal court, however, the presentence report will have no relevance for youthful offender determination since youthful offender treatment is mandated.
The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals. There is no constitutional right to youthful offender status and such treatment is entirely a gratuitious creature of the Legislature subject to such conditions as the Legislature may impose without violating constitutional guarantees. The classification is therefore cloaked with a presumption of validity which may be overcome only "if no grounds can be conceived to justify [it]” (McDonald v Board of Election, 394 US 802, 809).
Turning now to the substance of defendant’s contention, we observe initially that the challenge to the statute must be viewed through the lens of the rational basis test since the classification does not involve a suspect classification or a *585 fundamental interest (see Alevy v Downstate Med. Center of State of N. Y., 39 NY2d 326, 332-333; Montgomery v Daniels, 38 NY2d 41, 59-61). As traditionally formulated, this test requires that a governmental classification be based on some conceivable and valid State interest (McGinnis v Royster, 410 US 263, 276-277; Dandridge v Williams, 397 US 471; see Matter of Levy, 38 NY2d 653; Matter of Figueroa v Bronstein, 38 NY2d 533). Thus, the United States Supreme Court has indicated, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it” (McGowan v Maryland, 366 US 420, 426).
The distinction between youths charged in superior as opposed to local criminal courts is not arbitrary; it is based on the nature of the crimes over which such courts have trial jurisdiction. Pursuant to CPL 10.20 (subd 1), superior courts, defined in CPL 10.10 (subd 2) as the Supreme Court and County Court, are vested with exclusive jurisdiction of the trial of felonies while, in CPL 10.30 (subd 1), local criminal courts are given trial jurisdiction of all offenses other than felonies.[2] In light of this jurisdictional underpinning, it becomes clear that the classification in CPL 720.20 is based on the gravity of the crime with which a youth is charged. Viewing the distinction as one resting upon the gravity of the crime charged, we are of the opinion that there is a rational basis for distinguishing between a youth accused of a felony and one charged with a misdemeanor. The seriousness of the crime charged in a Grand Jury indictment for a felony offense, considered in conjunction with the defendant’s prior record or behavior, is of significant bearing upon the question whether youthful offender status should be afforded to a particular individual. There is no invidious discrimination involved in a legislative decision that those individuals who, on preliminary investigation, are believed to have committed felonies should not automatically be endowed with the benefit of youthful offender status and that in these cases youthful offender status should be conferred only in the court’s discretion upon due consideration of the youth’s background and prior history of involvement with the law. Furthermore, it was also proper for the Legislature to have decided that, in the interests of judicial economy, it was not necessary to require a time-consuming investigation for the purpose of *586 determining youthful offender eligibility in misdemeanor cases where the criminal act charged is not as serious as in the case of felonies.
Statutes in other jurisdictions which deprive young persons of the special benefits of the youthful justice process on the basis of the seriousness of the crime alleged to have been committed have been sustained not only against equal protection challenges, but also against claims that they violate the presumption against innocence and vest too great a degree of discretion in prosecutors (see United States v Bland, 472 F2d 1329, cert den 412 US 909; Myers v District Ct. for Fourth Judicial Dist., 184 Col 81; Jackson v State, 311 So 2d 658 [Miss]). In United States v Bland (supra, pp 1333-1334), the United States Court of Appeals for the District of Columbia Circuit upheld a district statute which denied to persons over 16 years of age charged with the commission of certain grave offenses, the benefits of the juvenile justice system and treated them as adults even though they might later be convicted by plea or verdict of a lesser included offense (see DC Code, § 16-2301).
The rationality of the statutory classification is especially compelling in the instant case where defendant has been permitted to plead down to a misdemeanor. He now seeks to reap a double benefit from the congestion in the criminal courts and the crushing burden on our criminal justice system, by not only securing a plea to a lesser charge but also obtaining automatic youthful offender treatment. Indeed, if the trial court were aware that such consequences might flow from the acceptance of defendant’s plea, it very well may not have been willing to dispense with a trial or disposition on the original felony charge.
It should be observed that we do not pass upon the question, which is not before us, of the constitutionality of the statute as applied to a youth who is both charged and convicted of a misdemeanor in a superior court. As we have indicated, this type of court has concurrent trial jurisdiction over misdemeanors with local criminal courts (see CPL 10.20, subd 1, par [a]). Since defendant may not, under established principles of standing (see Barrows v Jackson, 346 US 249, 256-257; New York ex rel. Hatch v Reardon, 204 US 152, 160-161), challenge the constitutionality of the statute as applied to one not in his position, the resolution of this issue is reserved for another day. Finally, we see no merit to defendant’s suggestion that *587 this court hold that, in accepting the plea of guilty to a misdemeanor, the Supreme Court, Kings County, was sitting as a "local criminal court”.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

. CPL 720.10 (subd 2) provides that every "youth”, defined in subdivision 1 as a person charged with a crime alleged to have been committed when he was at least 16 years old and less than 19 years old, is an eligible youth "unless he (a) is indicted for a class A felony, or (b) has previously been convicted of a felony.”

. Local criminal courts have concurrent trial jurisdiction with that of superior courts for misdemeanors (CPL 10.30, subd 1, par [b]).