556 F.2d 644
 Arthur DRAYTON, Petitioner-Appellee,
v.
The PEOPLE OF the STATE OF NEW YORK, Eugene Gold, District
Attorney, and Louis J. Lefkowitz, Attorney General of New
York, Department of Corrections of the City of New York and
Benjamin Malcolm, Commissioner, Arthur Rubin, Warden of
Rikers Island, Respondents-Appellants.
 No. 927, Docket 76-2173.
 United States Court of Appeals,
Second Circuit.
 Argued March 29, 1977.
Decided May 24, 1977.
 
 Franklin L. Carroll, III, Asst. Dist. Atty., Kings County, Brooklyn, N. Y. (Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., on brief), for respondents-appellants.
 Nathan Schwartz, Brooklyn, N. Y. (Singer & Block, Brooklyn, N. Y., on brief), for petitioner-appellee.
 Before MANSFIELD and GURFEIN, Circuit Judges, and NEWMAN, District Judge.*
 NEWMAN, District Judge:
 This appeal by the State of New York from the granting of a writ of habeas corpus presents the issue of whether a distinction made in New York's scheme of penalties for 16 to 18-year olds convicted of misdemeanors violates the Constitution.
 Consideration of the constitutional claim requires a brief outline of the New York sentencing provisions. Youths 16 to 18 are eligible for sentencing as youthful offenders unless they have been indicted for class A-I or A-II felonies (punishable by death or life imprisonment) or they have been previously convicted of and sentenced for a felony. 11A McKinney's Consolidated Laws of N.Y. Ann. (CPL) § 720.10. If the youth is tried in the state Supreme Court, as he must be if charged with a felony, and is convicted by plea or verdict of a misdemeanor, the court has discretion either to impose an adult sentence or to sentence as a youthful offender. CPL § 720.20, subd. 1(a). The latter status permits incarceration for the maximum term prescribed for the misdemeanor offense but avoids the collateral consequences of a criminal record. If the youth is tried in a local Criminal Court, as he normally would be if charged only with a misdemeanor, the court, upon conviction, must sentence him as a youthful offender, CPL § 720.20, subd. 1(b), and, in addition to the usual benefits of this status, the term of incarceration cannot exceed six months. CPL § 720.25, now replaced by Penal Law § 60.02. Thus, for the youth ultimately convicted of only a misdemeanor, prosecution in the Supreme Court because of an original felony indictment creates two sentencing consequences different from those facing a youth prosecuted for a misdemeanor in the Criminal Court: youthful offender sentencing is discretionary rather than mandatory, and the maximum sentence is one year rather than six months.
 Arthur Drayton at age 16 was indicted by a grand jury for the felonies of attempted robbery in the second degree and assault in the second degree. Ultimately a plea bargain was struck whereby he was permitted to plead guilty to a misdemeanor charge of assault in the third degree. The sentencing judge exercised his discretion not to use youthful offender sanctions and sentenced Drayton as an adult to a term of one year. He appealed, contending, on federal constitutional grounds, that he should have been sentenced as a youthful offender to a term of not more than six months. His conviction was affirmed on direct review by the state courts. People v. Drayton, 47 A.D.2d 952, 367 N.Y.S.2d 506 (2d Dept. 1975), aff'd, 39 N.Y.2d 580, 385 N.Y.S.2d 1, 350 N.E.2d 377 (1976). Upon application for a federal writ of habeas corpus, the District Court for the Eastern District of New York, Edward Neaher, J., granted relief, Drayton v. New York, 423 F.Supp. 786 (E.D.N.Y.1976), and the State appeals.
 
 
 1
 Drayton was sentenced in the Supreme Court to one year as an adult upon his plea to a misdemeanor. Had he been charged initially with the same misdemeanor in the Criminal Court, he would have been sentenced to not more than six months as a youthful offender. As he views his situation, he has received the more severe penalty solely because he was originally charged with a felony. He contends that imposition of a more severe penalty because of an unproved allegation violates the Equal Protection Clause of the Fourteenth Amendment. Applying the rational relationship test, which Drayton acknowledges is proper, see McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973), Judge Neaher upheld this contention, rejecting the sufficiency of justifications advanced by the State. These included the greater seriousness of offenses charged in the Supreme Court and efficient judicial administration, stemming in part from the absence of a jury trial requirement in Criminal Court youthful offender cases where the maximum sentence is six months. See Baldwin v. New York, 339 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
 
 
 2
 At the outset, we seriously question whether Drayton's claim should survive his plea of guilty under the circumstances attending its entry. Faced with the prospect of trial and possible conviction on a felony charge, Drayton exchanged that exposure for the certainty of sentencing to not more than one year for a misdemeanor. Moreover, by his plea he retained eligibility for sentencing as a youthful offender to a term that could have been six months. The one-year adult sentence he received, rather than a youthful offender sentence of six months, was imposed by the sentencing judge in the exercise of his discretion. As Justice Shapiro observed, concurring in the decision reached by the Appellate Division, " . . . the defendant, just as much as the People, should be held to his bargain and not be allowed to collect a windfall by being treated as a youthful offender as a matter of right. . . . It may well be that the court would not have accepted a lesser plea if it believed that it would have mandatorily been compelled to adjudge appellant (as) a youthful offender." People v. Drayton, 47 A.D.2d 952, 957 n. 1, 959 n. 2, supra, 367 N.Y.S.2d at 515 n. 1, 517 n. 2.
 
 
 3
 The claim Drayton advances would clearly have been preserved if he had gone to trial on the felony charge and the jury had convicted him only on a lesser-included misdemeanor offense. In that situation, it could not be said that Drayton agreed to the sentencing options he now challenges. But Drayton has exchanged exposure to higher felony penalties for the certainty of sentencing within lower misdemeanor limits. While a guilty plea does not invariably preclude a defendant's opportunity for direct and collateral attack, see e. g. United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2d Cir. 1967), a bargained guilty plea probably should preclude a challenge to the reduced sentencing options that are part of the bargain. Nevertheless, since the New York courts have adjudicated Drayton's claim on the merits, we think it is appropriate to do likewise.
 
 
 4
 Drayton presses his claim as if he had been denied youthful offender status solely because of the original felony accusation. But the fact is that the original felony accusation served only to prevent youthful offender status from being a required sentence. Under CPL § 720.20 Drayton was at all times eligible for youthful offender sentencing. The reason he received a one-year adult sentence instead of a six-month youthful offender sentence was adverse information in a "highly unfavorable" probation report. People v. Drayton, supra, 39 N.Y.2d at 583, 385 N.Y.S.2d at 2, 350 N.E.2d 378.
 
 
 5
 It cannot seriously be doubted that a sentencing judge is entitled to select, within statutory limits, a more severe sentence than would otherwise be imposed on the basis of facts relating to other charges that have been brought, even though they have not resulted in conviction. United States v. Cifarelli, 401 F.2d 512 (2d Cir.), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968); United States v. Doyle, 348 F.2d 715 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). Indeed he can do so on the basis of facts relating to other charges on which the defendant has been acquitted. United States v. Sweig, 454 F.2d 181 (2d Cir. 1972).
 
 
 6
 Thus, the issue on the merits is whether the New York legislature can permit the judge sentencing a misdemeanant to reject youthful offender status on the basis of unproved felony allegations, while requiring youthful offender status for misdemeanants never charged with a felony. We think the New York Court of Appeals furnished an entirely satisfactory answer to this question:
 
 
 7
 There is no invidious discrimination involved in a legislative decision that those individuals who, on preliminary investigation, are believed to have committed felonies should not automatically be endowed with the benefit of youthful offender status and that in these cases youthful offender status should be conferred only in the court's discretion upon due consideration of the youth's background and prior history of involvement with the law.
 
 
 8
 People v. Drayton, supra, 39 N.Y.2d at 585, 385 N.Y.S.2d at 4, 350 N.E.2d at 379-380. If, following a valid misdemeanor conviction, it is constitutional to base a sentence in part on facts relating to an unproved felony charge, it cannot be irrational for a legislature to give sentencing judges the option of considering adverse information including such facts, whenever by the return of an indictment, it is established that there exist facts constituting at least probable cause to believe the defendant has committed a felony. It is possible that adverse information, including facts relating to an unproved charge, may also exist as to misdemeanants never indicted for a felony. The New York sentencing scheme guarantees such misdemeanants, aged 16 to 18, youthful offender status. But it is surely rational for the legislature to have specified that in every instance where the facts relating to the unproved charge have been found by a grand jury to constitute probable cause, the sentencing judge should have the option of weighing all the adverse facts in selecting an appropriate penalty within the limits specified for the misdemeanor charge on which the defendant has been convicted.
 
 
 9
 There is a risk that a district attorney may seek a felony indictment for a 16 to 18-year old and obtain one, even though conviction on a misdemeanor charge, by plea or verdict, is all that he anticipates. And it may happen that the evidence in support of the felony charge is marginal or on occasion totally deficient even to establish probable cause. Even in that event the sentencing judge still has the option to impose a youthful offender sentence and would probably do so if the probation report discloses no adverse facts other than those relating to the misdemeanor.[1]
 
 
 10
 The situation created by CPL § 720.20 as applied to Drayton should be contrasted with the somewhat similar situation created by CPL § 720.10. That section makes youthful offender sentencing completely unavailable for 16 to 18-year olds charged with Class A-I or A-II felonies. Previously the statute precluded youthful offender sentencing for youths charged with all Class A felonies. That prior statute was attacked on the grounds that it is unconstitutional for an unproved allegation to prevent even consideration of a youthful offender sentence. The New York Court of Appeals found that provision invalid under that Due Process Clause of the Fourteenth Amendment on the ground that the classification of charges makes the availability of youthful offender status "depend solely upon an accusation . . . ." People v. Barry A., 40 N.Y.2d 990, 992, 391 N.Y.S.2d 67, 68 (1976), cert. denied sub nom. New York v. Luis, --- U.S. ----, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977); see also People v. Brian R., 78 Misc.2d 616, 356 N.Y.S.2d 1006 (Sup.Ct.N.Y. Co. 1974), aff'd, 47 App.Div.2d 599, 365 N.Y.S.2d 998 (1st Dept. 1975). Under CPL § 720.20, however, the felony accusation does not make youthful offender sentencing unavailable; it only places the case in the New York Supreme Court, where the sentencing judge has the option of imposing or rejecting a youthful offender sentence. Justice Shapiro's opinion in Drayton in the Appellate Division pointed out the distinction between challenges to § 720.10 and to § 720.20, 367 N.Y.S.2d at 515 n. 1, as did a New York Supreme Court decision declaring unconstitutional the current version of CPL § 720.10. People v. Evelyn R., 85 Misc.2d 872, 379 N.Y.S.2d 1000 (Sup.Ct. Kings Co. 1976). But see United States v. Quinones, 516 F.2d 1309 (1st Cir. 1975), cert. denied, 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975); United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329 (1972), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973), upholding unavailability of juvenile delinquency proceedings because of seriousness of charges.
 
 
 11
 For these reasons the judgment of the District Court, granting the writ and declaring CPL § 720.20 unconstitutional, is reversed.
 
 
 
 *
 United States District Judge for the District of Connecticut, sitting by designation
 
 
 [1]
 We are not confronted with the situation where the sentencing judge's option to impose an adult sentence on a youthful misdemeanant has been created solely by the district attorney's decision to prosecute a misdemeanor in the Supreme Court by seeking an indictment on that charge alone. If he does so and obtains an indictment, the case must be tried in the Supreme Court, where, under CPL § 720.20, the sentencing judge would have the option to reject a youthful offender sentence, an option not available if the misdemeanor had been prosecuted in the Criminal Court. Whether the guarantee of a more lenient sentencing option can be prevented solely by a district attorney's choice of forum in which to prosecute a misdemeanor is a different question from whether such a guarantee can be prevented by the existence of probable cause, assessed by a grand jury, to believe the defendant has committed a felony. See Cox v. United States, 473 F.2d 334 (4th Cir. 1973) (en banc ), cert. denied, 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116 (1973); United States v. Bland, 153 U.S.App.D.C. 254, 472 F.2d 1329 (1972), cert. denied, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973); Ramirez v. United States, 238 F.Supp. 763 (S.D.N.Y.1965); United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962), all considering a prosecutor's decision to press adult rather than juvenile delinquency charges. That issue at one time engaged the attention of the Supreme Court, De Backer v. Brainerd, 393 U.S. 1076, 89 S.Ct. 856, 21 L.Ed.2d 770 (1968) (noting probable jurisdiction), although the appeal was subsequently dismissed without consideration of the merits, 396 U.S. 28, 90 S.Ct. 163, 24 L.Ed.2d 148 (1969)