■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK L. BELLEZZA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Suffolk County (Mullen, J.), both rendered March 2, 1989, convicting him of burglary in the second degree (two counts, one as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant pleaded guilty with the understanding that he would receive the mandatory minimum sentences, which were in fact imposed, and he has no basis to now complain that his sentences were excessive *(People v Kazepis,* 101 AD2d 816).

On appeal, the defendant contends that the court erred in failing to afford him youthful offender treatment. However, the defendant did not request youthful offender treatment at the time of the entry of his guilty pleas. Nor did he raise that issue by motion at any time prior to the imposition of sentence or at sentencing. Accordingly, the defendant waived his right to seek appellate review of this issue *(see, People v McGowen,* 42 NY2d 905). In any event, we note that the sentencing court, *sua sponte,* considered whether to afford the defendant youthful offender treatment and rejected that option. Under the circumstances of this case, where the defendant has an extensive juvenile record and previously received the equivalent of youthful offender treatment in Florida, the court did not improvidently exercise its discretion in declining to afford the defendant youthful offender treatment *(People v Drayton,* 39 NY2d 580).

We have examined the defendant's remaining contentions

and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Miller, JJ., concur.