OPINION OF THE COURT
George D. Marlow, J.
Following a trial on a six-count indictment charging felony assault and robbery, a jury only convicted defendant of a reduced misdemeanor of assault in the third degree.
*509 The Grand Jury had accused defendant and others of participating in the felony assault and robbery of Jayson Lara, leaving Lara seriously wounded. Although at trial defendant did not primarily dispute the level of Lara’s injuries, he did vigorously contest his responsibility for their extensive nature.
Before sentence, defendant asked this court to declare CPL 720.20 (1) unconstitutional, contending it violates the Equal Protection Clause of the United States and the New York State Constitutions (US Const 14th Amend; NY Const, art I, §11).
Defendant points out that, because of his age and because this is his first misdemeanor conviction, he is eligible for youthful offender (hereinafter Y.O.) treatment under CPL 720.20 (1). He further argues that, only because the District Attorney lodged the original accusation in County Court, instead of a local criminal court, is he legally disqualified from receiving mandatory Y.O. treatment. Defendant notes that section 720.20 (1) only mandates such treatment for a maiden misdemeanor conviction secured in a local criminal court; but, if obtained in County Court, a Judge there is vested with broad discretion to deny Y.O. status to an eligible youth who is a first-time misdemeanant.
He thus asserts that the circumstance of his being sentenced on a first misdemeanor assault in County Court, rather than for the same offense in a local criminal court, is not a rational basis for giving only the superior court sentencing Judge the discretion to deny him Y.O. treatment — authority a local criminal court Judge would lack for an identical conviction.
Defendant relies heavily on People v Robert Z. (134 Misc 2d 555). There, the court concluded that a person, indicted by a Grand Jury for a misdemeanor heard in superior court, should not be exposed to the possibility of being denied Y.O. treatment for an ultimate misdemeanor conviction simply because the prosecutor chose superior court, rather than a local criminal court, as the forum.
Thus, the Robert Z. court distinguished its ruling from People v Drayton (39 NY2d 580) where the Court of Appeals held that CPL 720.20 (1) did not violate the equal protection rights of a defendant, indicted for a felony, who later pleaded guilty to a reduced misdemeanor charge, all in superior court. In Drayton, the Court reasoned, inter alia, that, since defendant’s felony case properly began in superior court, his later *510 plea of guilty to a misdemeanor should not divest the superior court Judge of statutory discretion to deny Y.O. treatment.
In the case at bar, the facts differ from both Drayton and Robert Z. (supra) because this defendant was indicted for felonies and he was convicted by a jury of a misdemeanor, all in superior court. He now contends there is no sound reason to treat him differently from the defendant in Robert Z. (supra) because both were convicted only of a misdemeanor by a superior court jury.
Cloaked with a presumption of validity, CPL 720.20 (1) must withstand constitutional scrutiny if any state of facts exists to justify the distinction which defendant claims lacks rationality. (United States v Bland, 472 F2d 1329, 1333-1334; People v Drayton, 39 NY2d, supra, at 585.) Defendant charges there is no rational basis to deprive him of the mandatory aspect of youthful offender eligibility in County Court when a defendant identically found guilty by a local criminal court jury would be legally entitled to that measure of mercy.
In Drayton (supra) the Court of Appeals noted that the statutory classification, which gives superior courts broader discretion than lower courts to deny Y.O. status, is based on the gravity of the crime originally charged. Thus, the Court found a rational basis to distinguish between a youth charged with a felony and one accused only of a misdemeanor. The Court found no invidious discrimination where on a preliminary investigation a Grand Jury properly charges a defendant with several felony crimes. The Court suggested that conferring automatic Y.O. status on such a person, without duly considering the youth’s entire background and history of involvement with the law, would be inappropriate.
The Second Circuit Court of Appeals left Drayton (supra) undisturbed in Drayton v State of New York (556 F2d 644, cert denied 434 US 958). The court likewise found it rational for the Legislature to give only superior court sentencing Judges the power to consider evidence which adequately supported the original felony charges in the indictment, i.e., it was deemed rational to allow superior court Judges, who have been made aware of all the surrounding evidence, to then weigh all reasonable and legal sentencing options.
Moreover, allowing such judicial discretion on these facts does not endow a prosecutor with unlimited power to prevent a court from mandatorily adjudicating a defendant a Y.O. simply by unilaterally deciding to level a charge in a superior, *511 rather than a lower court. This is especially evident in this case where the original evidence underlying his indictment— and the trial evidence subsequently presented by the People— was sufficient to warrant the original filing of a valid series of felony charges in superior court and sufficient to permit that felony case to go to a jury.
The danger of prosecutorial abuse addressed by the Robert Z. court is clear because District Attorneys, in possession of misdemeanor evidence only, could easily foil a defendant’s potential for receiving Y.O. treatment by arbitrarily leveling a misdemeanor charge in superior court rather than in a local criminal court. It was to thwart the peril of unfettered prosecutorial discretion which appears to have primarily motivated the Robert Z. ruling, a goal which this court sees as proper.
However, no similar risk is posed by the present facts, because the original evidence clearly supported multiple felony charges against this defendant — charges properly heard in a superior court only. This court twice so found in its decisions on his pretrial omnibus motion and his trial motion at the close of the People’s case.
The court therefore holds that CPL 720.20 (1) does not violate defendant’s equal protection guarantees by vesting only a superior court with discretion to grant or deny Y.O. treatment on the facts presented; and that vesting such discretion only in a superior court is rational, appropriate, and was evidently intended by the Legislature (People v Drayton, 39 NY2d, supra, at 584-586).
Defendant’s motion to be mandatorily accorded youthful offender status on his misdemeanor assault conviction is denied.