■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. GEISEL, Appellant. [797 NYS2d 585]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 25, 2003, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, having repeatedly stabbed his victim with a kitchen knife, was indicted for assault in the first degree. Pursuant to the terms of a plea bargain, he pleaded guilty to assault in the second degree and was sentenced, as a second violent felony offender, to a prison term of five years and five years of postrelease supervision.

Defendant makes three appellate arguments, all addressed to the postrelease supervision portion of his sentence. His first two arguments are that, pursuant to Penal Law § 70.45 (2), the maximum period of postrelease supervision is three years and his sentence was both illegal and, therefore, violative of his right to due process. This statute does provide an exception to the five-year postrelease provision for a defendant, sentenced pursuant to Penal Law § 70.02 upon conviction of either a class D or E violent felony. Defendant, however, was sentenced as a second violent felony offender pursuant to Penal Law § 70.04. Thus, the three-year exception is inapplicable, making defendant's first two arguments meritless.

Defendant also asserts that Penal Law § 70.45 (2) violates his right to equal protection of the law because, if he is returned to prison for violating the conditions of his postrelease supervision, he might serve more than the maximum determinate sentence of seven years (see Penal Law § 70.04 [3]), while persons serving an indeterminate sentence who violate parole cannot be imprisoned beyond the maximum term of such sentence. This argument also lacks merit. Only violent felony offenders receive determinate sentences and a valid state interest exists to rationally justify sentencing violent felons differently from sentencing nonviolent felons (see People v Drayton, 39 NY2d 580 [1976]).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.