**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4237**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TROY AHKEEM WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:16-cr-00085-H-1)

Submitted: October 24, 2017           Decided: November 17, 2017

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Ahkeem Wilson appeals his 144-month sentence for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (2012); and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a), (b)(1)(B). Wilson claims on appeal that the district court erred in sentencing him as a career offender under U.S. Sentencing Guidelines Manual §§ 4B1.1(a), 4B1.2 (2016). Wilson contends that the district court improperly counted his New York offense for third-degree criminal sale of a controlled substance as a career-offender predicate conviction. Because he was adjudicated under New York law as a "youthful offender" for that offense, Wilson argues, it was not an "adult conviction" as required by USSG § 4B1.2 for an offense to count for career-offender purposes. However, because it is undisputed that Wilson committed the New York offense after reaching 18 years of age, we conclude that the district court properly counted it as an adult conviction, *see* USSG § 4B1.2 cmt. n.1, and did not err in sentencing Wilson as a career offender.

Since § 4B1.2 and its commentary leave no doubt that a conviction for an offense committed at the age of 18 is an adult conviction, we need not consult § 4A1.2, as Wilson urges us to do. Wilson argues that the specific New York procedures under which he was sentenced vacated his adult conviction and replaced it with a youthful offender adjudication, thus barring the conviction from counting as a prior offense under § 4A1.2. But even if one looks to § 4A1.2, nothing in that Guideline supports Wilson's arguments. To the contrary, the commentary to § 4A1.2 states:

2

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

USSG § 4A1.2 cmt. n.10. New York's "youthful offender" practice is precisely this type of procedure. *See United States v. Matthews*, 205 F.3d 544, 548 (2d Cir. 2000) (Sotomayor, J.) (New York's youthful offender program is born of "a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts," and thus does not count as an expunged conviction under the U.S. Sentencing Guidelines (quoting *People v. Drayton*, 350 N.E.2d 377, 379 (N.Y. 1976))).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*