People v Commisso (2024 NY Slip Op 00687)

People v Commisso

2024 NY Slip Op 00687

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, O'Neill Levy, Michael, JJ. 

Ind. No. 1121/15 1451/15 2606/16 Appeal No. 1615 Case No. 2022-01449 

[*1]The People of the State of New York, Respondent,
v
Tyquan Commisso, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Bridget White of counsel), for respondent.

Judgment of resentence, Supreme Court, New York County (Ellen N. Biben, J.), rendered March 14, 2022, as amended March 16, 2022, resentencing defendant to an aggregate term of eight years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Upon remand from this Court (199 AD3d 472 [1st Dept 2021]) for a youthful offender determination (see People v Rudolph, 21 NY3d 497 [2013]), the resentencing court denied defendant youthful offender treatment but reduced the original aggregate sentence of 10 years to 8 years. Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of the court's decision denying defendant youthful offender status (see People v Pacherille, 25 NY3d 1021, 1024 [2015]). The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver. Regardless of whether defendant validly waived his right to appeal, we find that the court providently exercised its discretion in denying youthful offender treatment (see People v Drayton, 39 NY2d 580 [1976]), in light of the seriousness of the underlying crimes, which included gang-related activity, and defendant's prior and continuing pattern of violent criminal conduct.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024