People v Wilson (2025 NY Slip Op 01876)

People v Wilson

2025 NY Slip Op 01876

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Ind No. 845/17 968/18|Appeal No. 3981-3981A|Case No. 2018-04275|

[*1]The People of the State of New York, Respondent,
v
John Wilson, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Samuel Claflin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Judgments, Supreme Court, Bronx County (William I. Mogulescu, J. at plea and sentencing; Raymond L. Bruce, J. at resentencing), rendered June 28, 2018, as amended January 28, 2020, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree, adjudicating him a youthful offender as to the criminal weapon possession count only, sentencing him to a jail term of 90 days and four years of probation on the criminal sale count concurrent to four years of probation on the criminal possession of a weapon count, and resentencing him, upon his violation of probation, to concurrent terms of nine months incarceration in both cases, unanimously affirmed.
The court providently exercised its discretion in denying youthful offender treatment for defendant's conviction of criminal sale of a controlled substance in the third degree (indictment No. 968/18) (see generally People v Drayton, 39 NY2d 580 [1976]). Defendant failed to comply with the conditions of his plea agreement under an earlier indictment for criminal weapon possession. Defendant did not cooperate with the Probation Department in its preparation of the presentence report for the prior case, and he "failed to complete [the] treatment program" required by "the terms of his original plea agreement" in the prior case before he "committed [the] new felony" offenses charged in the subsequent case (People v Nunez, 168 AD3d 421, 421 [1st Dept 2019], lv denied 33 NY3d 952 [2019]; see also People v Lingo, 177 AD3d 471, 472 [1st Dept 2019], lv denied 34 NY3d 1160 [2020]). Defendant committed another offense "despite the plea court's warning that [he] could be denied youthful offender status if he were arrested for another crime" (People v S.J., 227 AD3d 626, 626 [1st Dept 2024], lv denied 42 NY3d 930 [2024]). We perceive no basis to substitute a youthful offender adjudication in the interest of justice for defendant's conviction in the second case for criminal sale of a controlled substance in the third degree. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025