**UNITED STATES of America, Appellee,**

v.

**Francisco Fernando REYES, Defendant–Appellant.**

**No. 364, Docket 93–1214.**

United States Court of Appeals, Second Circuit.

Argued Oct. 25, 1993.

Decided Jan. 13, 1994.

John R. Williams, New Haven, CT, for defendant-appellant.

James I. Glasser, Asst. U.S. Atty., Bridgeport, CT (Albert S. Dabrowski, U.S. Atty. D. Conn., of counsel), for appellee.

Before: VAN GRAAFEILAND and WINTER, Circuit Judges, and POLLACK, District Judge.*

WINTER, Circuit Judge:

Francisco Reyes appeals from a conviction and sentence imposed by Judge Nevas following the entry of a guilty plea to a one-count superseding indictment charging conspiracy to import more than five kilograms of cocaine into the United States. Reyes argues that the district court erred in refusing to allow him to withdraw his guilty plea, in refusing to reduce his offense level for acceptance of responsibility, and in considering a prior criminal conviction when calculating his criminal history. We affirm.

Appellant was arrested along with his father, Fernando Reyes, in Stamford, Connecticut, by United States Customs Service agents on September 20, 1990. The arrests followed surveillance and investigation by the agents regarding the arrival in Bridgeport Harbor of a canister of cocaine attached to the hull of a ship. A detailed account of the events preceding the arrests is contained in *United States v. Fernando Reyes*, 9 F.3d 275, 277 (2d Cir.1993).

Reyes was charged in a one-count superseding indictment with conspiracy to import more than five kilograms of cocaine, and he entered a guilty plea to this count pursuant to a written agreement with the government. The terms of that agreement specified that Reyes was entering a plea of guilty to conspire to import more than five kilograms of cocaine into the United States and that the government would recommend a two-level decrease for acceptance of responsibility.

At the plea allocution, the government outlined its proof, including the fact that the conspiracy with which Reyes was charged involved an attempt to import 66 kilograms of cocaine into the United States. It also stated that the evidence would establish that the defendant's role in the conspiracy was to attempt to remove the canister of cocaine from the hull of the ship upon its arrival in Bridgeport Harbor. After the government's proffer, Reyes disagreed with the government's characterization of his role in the offense. He stated, "I entered into that conspiracy knowing that my participation would be simply to aid my father in gathering information relative to the safe arrival of that canister beneath that vessel so as to pass that information on to other individuals, who would obviously remove that at other ports."

The Probation Office then prepared Reyes' Presentence Report ("PSR"). After calculating a base offense level of 36, it recommended a two-level increase for obstruction of justice and declined to recommend a decrease for acceptance of responsibility. *See* U.S.S.G. §§ 3C1.1, 3E1.1. It also calculated a Criminal History Category II, based upon a previous Florida conviction for cocaine trafficking. *See* U.S.S.G. §§ 4A1.1, 4A1.2. The intersection of the criminal history category and the adjusted offense level of 38 resulted in a recommended Sentencing Guidelines range of 262 to 327 months' imprisonment.

After Reyes received the PSR, he moved to withdraw his guilty plea, arguing that there was an insufficient factual basis to sustain the plea and conviction. The district court denied the motion and proceeded to sentence Reyes. Following a hearing, the district court declined to increase the offense level for obstruction of justice and declined to reduce the offense level for acceptance of responsibility. It also adopted the PSR recommendation of a Criminal History Category II. After making a reduction for the defendant's minor role in the offense, it imposed a sentence of 210 months' imprisonment.

■ On appeal, Reyes first argues that the district court erred in refusing to allow him to withdraw his guilty plea. Under Fed. R.Crim.P. 32(d), a district court may grant a motion made before sentencing to withdraw a guilty plea, "upon a showing by the defendant of any fair and just reason." A district court's denial of a motion to withdraw a plea is reviewable only for abuse of discretion. *United States v. O'Hara*, 960 F.2d 11, 14 (2d

---

* The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

Cir.1992). In arguing that the district court erred in refusing his motion to withdraw his plea, Reyes argues that there was an insufficient factual basis to support each element of the offense to which he pled. *See* Fed. R.Crim.P. 11(f).

■ Reyes argues that there was an insufficient factual basis to establish the nature and quantity of narcotics that Reyes was charged with conspiring to import. This argument rests upon the erroneous assumption that the amount and nature of the drugs that Reyes was charged with conspiring to import are essential elements of the offense of conspiracy to import cocaine. Although Reyes was charged with conspiracy to import more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B), and 963, the quantity of cocaine is not an element of this offense. *See United States v. Pico,* 2 F.3d 472, 474–75 (2d Cir.1993) (quantity of drugs not element of conspiracy to import cocaine in violation of 21 U.S.C. § 960(a)); *United States v. Olvera,* 954 F.2d 788, 790–91 (2d Cir.1992) (defendant pled guilty "to conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A) [which determines penalties based upon quantity at issue, as does 21 U.S.C. § 960(b) ]"; court recognized quantity not an element of offense), *cert. denied,* —— U.S. ——, 112 S.Ct. 3011, 120 L.Ed.2d 885 (1992); *United States v. Campuzano,* 905 F.2d 677, 679 (2d Cir.), *cert. denied,* 498 U.S. 947, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990) (defendant charged with conspiracy to distribute "a quantity of cocaine in excess of five (5) kilograms in violation of Title 21, United States Code, Section 841(a)(1)"; court held quantity of cocaine not element of the charged crime). The nature of the controlled substance is also not an essential element of the charged offense. *United States v. Collado–Gomez,* 834 F.2d 280, 280–81 (2d Cir.1987) (government need not prove that defendant knew specific nature of a controlled substance in prosecution under 21 U.S.C. § 841), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988). We therefore conclude that the district court did not abuse its discretion in refusing to allow Reyes to withdraw his guilty plea.

■ Reyes next argues that the district court erred in failing to grant a two-level decrease for acceptance of responsibility. In order to obtain a two-level decrease under United States Sentencing Guidelines Section 3E1.1, a defendant must "clearly demonstrate[ ] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. A district court's determination of whether a defendant has accepted responsibility is a factual finding that will not be disturbed unless it is "without foundation." *United States v. Boothe,* 994 F.2d 63, 70 (2d Cir.1993). The district court clearly provided a foundation for its finding: it stated that it declined to decrease under Section 3E1.1 because it did not believe that Reyes planned only to examine the canister of cocaine and not to remove it from the hull of the ship.

Reyes argues, however, that this is not a proper foundation, because in *United States v. Oliveras,* 905 F.2d 623 (2d Cir.1990), we held that a court may not condition a decrease under Section 3E1.1 upon the defendant's acceptance of responsibility for charges that have been dropped and to which the defendant is not pleading guilty. We recently rejected a similar reliance upon *Oliveras* by Reyes father, Fernando Reyes, in *United States v. Fernando Reyes,* 9 F.3d 275, 279–80 (2d Cir.1993). We explained there that *Oliveras* was concerned with the Fifth Amendment issue that arises when defendants are forced "to choose between incriminating themselves as to conduct for which they have not been immunized or forfeiting substantial reductions in their sentences." *Oliveras,* 905 F.2d at 628. In the instant case, a plan to remove the canister was not a separate offense from a plan to examine it; they are both conduct encompassed by the charge of conspiracy to import cocaine. *See Reyes,* 9 F.3d at 280. Reyes' failure to obtain an acceptance of responsibility finding was, therefore, not caused by a failure to admit to other crimes but by his failure to tell the whole truth about the crime for which he was charged and to which he pled guilty. Thus, there was nothing improper in the reason proffered by the district court in declining to decrease for acceptance of responsibility.

Finally, Reyes argues that the district court improperly included a prior Florida conviction when calculating his criminal history. The Florida conviction had been altered pursuant to a motion to mitigate the sentence, so that "the adjudication of guilt" was vacated and withheld upon a contribution to charity made as a condition of probation. Application Note 10 to U.S.S.G. § 4A1.2 provides that in calculating criminal history, convictions that have been "set aside ... for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction" are to be counted, but "expunged convictions" are not to be counted.

In *United States v. Beaulieau,* 959 F.2d 375 (2d Cir.1992), we addressed the Guidelines' distinction between "set aside" and "expunged." *Beaulieau* held that a prior juvenile conviction, that pursuant to a Vermont statute had been ordered sealed and stricken from public records, could not be counted under Section 4A1.2. *Id.* at 380. *Beaulieau* is distinguishable, however, because Reyes' conviction was not "sealed and stricken." Rather, he made a motion to mitigate his sentence that was granted. Reyes' probation appears to have continued after the mitigation, and he has not argued that the motion was granted because of innocence or legal error. Furthermore, unlike *Beaulieau,* the sentence here was not vacated pursuant to a statute intended to relieve juveniles from continuing consequences of their convictions, because Reyes was not convicted as a juvenile. Thus, because his prior conviction was not fully "expunged," it was correctly counted in Reyes' criminal history.

We therefore affirm.