101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
William Titus JONES, aka Titus, aka Ty, aka Baby Boy; Alvin
Sistrunk, aka Triz; Robert Cobb; Sandra Vernon,
aka Lulu; Rossan Roy Cardillo, aka X.
Roy, Defendants,
Nancy JONES; Harry Jones, Defendants-Appellants.
 Nos. 95-1413, 95-1414.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLEE: James Glasser, Assistant U.S. Attorney, Bridgeport, CT
 APPEARING FOR NANCY JONES: Barry D. Leiwant, New York, NY
 APPEARING FOR HARRY JONES: Frank J. Riccio, Bridgeport, CT
 Before WALKER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.[1]
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 On October 19, 1994, appellant Nancy Jones was arrested at 94 Liberty Street in Stamford, Connecticut and was subsequently indicted on six counts of drug trafficking between February and October, 1994. Pursuant to a written plea agreement she signed with the government, Jones pled guilty on March 22, 1995 to the first count, conspiring to possess with intent to distribute and to distribute heroin and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Subsequently, the district court sentenced Jones to a term of imprisonment of twenty years, a five year term of supervised release, and a two year consecutive term of imprisonment for violating her supervised release on a previous conviction. Jones now appeals on the ground that her plea allocution violated Fed.R.Crim.P. 11(c)(1) & (f) and she asks that she be allowed to withdraw her plea.
 
 
 4
 Rule 11(c)(1) requires that the district court, before accepting a plea of guilty or nolo contendere, determine that the defendant understands the nature of the charge to which she is offering a plea. Jones admits that she knew she was pleading guilty to "conspiracy," but she claims that she did not understand what this meant and that the district court did not inform her of the nature of this charge. The transcript of the plea allocution, however, belies this claim.
 
 
 5
 During her allocution, Jones was asked by the district court if she knew to which charge she was pleading guilty. Jones replied, "It's a conspiracy." When asked, "To do what, ma'am?" she answered "Sell heroin...." Later in the proceedings and at the request of the district court, the government indicated to the district court that it was prepared to prove that Jones (along with various of her codefendants) had, on five separate occasions, distributed heroin to undercover law enforcement officers. When asked if the government's statements were correct, Jones stated that they were not. Jones's counsel then explained to the court that Jones was prepared to admit that, on other occasions, including the time of her arrest, she had been in possession of heroin and that at other times she had supplied heroin to her codefendant, Alvin Sistrunk, and that Sistrunk had then handed the heroin to the undercover officer. The district court then asked her if this was correct, and Jones replied, "That's right."
 
 
 6
 This court has repeatedly stated that strict adherence to the mandates of Rule 11 is required. See United States v. Parkins, 25 F.3d 114, 117 (2d Cir.), cert. denied, 115 S.Ct. 530 (1994). While Fed.R.Crim.P. 11(h) allows a reviewing court to disregard "harmless errors," we have read that rule to encompass only the most minor of errors. Therefore, we must "examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice." Parkins, 25 F.3d at 117. Rule 11(c)(1) requires only that the defendant understand the nature of the charge to which she was pleading guilty, not that the district court explain the charge to her. United States v. Stevens, 19 F.3d 93, 95 (2d Cir.1994). In the case at bar, we have no doubt, based on the full plea allocution, that Jones understood that she was pleading guilty to an unlawful agreement to possess with intent to distribute and to distribute heroin. Therefore, we find no violation of Rule 11(c)(1).
 
 
 7
 Jones's claim that the district court violated Rule 11(f) is also easily rebuffed. The Supreme Court has recently noted that Rule 11(f) is satisfied where the district court "determine[s] that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Libretti v. United States, 116 S.Ct. 356, 362 (1995) (quotations omitted). Here, Jones's admissions during her plea allocution that she and Sistrunk had supplied heroin to undercover officers and that she was involved with Sistrunk, Titus Jones and Sandra Vernon were sufficient to show that there existed a conspiracy between Jones and several other co-defendants to distribute and to possess with intent to distribute heroin. Jones's Rule 11(f) argument must be rejected.
 
 
 8
 Jones also claims the district court erred in sentencing her based on the guidelines covering cocaine base, notwithstanding her denial of involvement with cocaine base. Her claim is without merit. The nature of the controlled substance is not an element of the offense. United States v. Reyes, 13 F.3d 638, 640 (2d Cir.1994). The statutory offense Jones was charged with under 21 U.S.C. § 846 relates generally to "controlled substance[s]." The indictment alleged both heroin and cocaine base. Her admission of participation in a heroin conspiracy rendered her guilty of the offense. The court was then free to sentence her pursuant to the crack guidelines if the evidence showed that her violation involved crack.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 Counsel for defendant-appellant Harry Jones made a motion to be removed as counsel pursuant to Anders v. California, 386 U.S. 738, 744 (1967), on the ground that there were no non-frivolous issues to appeal, and the government made a motion for summary affirmance. We previously granted both motions