**UNITED STATES of America,**
**Appellee,**

v.

**Hector ORTIZ, Defendant–Appellant.**

**Nos. 98–1482(L), 98–1585.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

Stephen M. Pincus, Rosen & Dolan, New Haven, CT (Lawrence S. Hopkins, Bridgeport, CT and David N. Rosen, Rosen & Dolan, New Haven, CT, of counsel) for appellant.

Robert M. Appleton, Assistant United States Attorney, Bridgeport, CT, for appellee.

Present OAKES, JACOBS and PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Hector Ortiz appeals from the judgment of the United States District Court for the District of Connecticut (Nevas, J.), on his plea of guilty of racketeering and accesso-

ry after the fact to murder, sentencing him chiefly to one term of 360 months imprisonment and one term of 180 months, to be served concurrently.

Ortiz was indicted along with others in a case involving the Connecticut chapter of the Almighty Latin King Nation ("Latin Kings"), a gang collectively charged with various crimes involving violence, drug trafficking, and racketeering.

On appeal, Ortiz argues that the district court: 1) should have granted a sentence reduction for acceptance of responsibility; 2) provided inadequate reasons for the sentence; and 3) adopted an erroneously high Guidelines range when sentencing Ortiz as an accessory.

■ 1. Ortiz was sentenced to 360 months, out of a possible range of 360 months to life, on the racketeering charge. Ortiz argues that the court erred in refusing to grant a sentence reduction for acceptance of responsibility, which would have reduced the applicable range to 324 to 405 months. We review a district court's refusal to reduce a sentence for acceptance of responsibility for clear error, and will not disturb the decision unless it is "without foundation." *See United States v. Irabor*, 894 F.2d 554, 557 (2d Cir.1990) (quoting *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989)); *see also United States v. Diaz*, 176 F.3d 52, 123 (2d Cir.1999); *United States v. Reyes*, 13 F.3d 638, 640 (2d Cir.1994).

■ Although Ortiz pled guilty, he continued to maintain: that he was not a member of the Latin Kings; that he never sold narcotics on the Latin King territory in question; that he did not receive substantial profits from the conspiracy; and that the government informants were lying. The district court, based on "the entire record, the trial record, statements made in connection with the presentence

report, the wiretaps, the overwhelming evidence in this case," concluded that these denials were "absolute untruths," and therefore refused Ortiz's request for a sentence reduction. Based on our review of the evidence, we conclude that this decision was not an abuse of discretion.

2. We further conclude that Judge Nevas provided adequate reasons for his ruling.

3. Ortiz also challenges the calculation of his sentence for acting as an accessory after the fact to murder. Section 2X3.1 of the United States Sentencing Guidelines provides that the base offense level for that offense shall be six levels lower than the level for the underlying crime. If the defendant's conduct "is limited to harboring a fugitive," then the offense level cannot rise above twenty; had Judge Nevas found that Ortiz's conduct was so limited, his sentence range would have been 70 to 87 months, rather than the 180 months he received. Ortiz did not object to the presentence report on this basis, nor did he raise any objection at the sentencing hearing. Accordingly, this claim was waived. *See Diaz*, 176 F.3d at 117–18.

Nonetheless, we still examine the record for "plain error," an error that "would result in manifest injustice." *Id.* at 118 (quoting *United States v. Keppler*, 2 F.3d 21, 24 (2d Cir.1993)). Since we find that the district court had sufficient facts before it to determine that Ortiz's conduct exceeded mere "harboring," we conclude that the district court committed no plain error.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.