SUMMARY ORDER
Defendant-appellant Leib Waldman appeals from a final judgment of the United States District Court for the Southern District of New York (Castel, J.) sentencing him to an aggregate term of imprisonment of 75 months. We assume the parties’ familiarity with the facts, the proceedings below, and the specification of issues on appeal.
When considering a defendant’s claim that the government breached his plea agreement, we review the plea agreement de novo and “in accordance with principles of contract law.” United States v. Vaval, 404 F.3d 144, 152 (2d Cir.2005) (internal quotation marks omitted). “To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement.” Id. (internal quotation marks omitted). We resolve any ambiguities against the government and do not “hesitate to scrutinize the government’s conduct to ensure that it comports with the highest standard of fairness.” United States v. Lawlor, 168 F.3d 633, 637 (2d Cir.1999).
The defendant’s argument that the government breached its plea agreement by opposing his request for a reduction for acceptance of responsibility is utterly without merit. The plea agreement expressly provided that such a reduction would be appropriate only if Waldman “clearly demonstrates acceptance of responsibility, to the satisfaction of the Government.” Any claim that the government breached the agreement by not warning Waldman that his plea allocution “constituted inadequate or insufficient acceptance of his responsibility” is similarly without merit. Nothing in the agreement required the government to do so, and in fact the agreement specifically referred to Wald-man’s “acceptance of responsibility ... through his allocution and subsequent conduct prior to the imposition of sentence ” (emphasis added).
Some of the government’s statements, taken out of context, do appear to suggest that the government breached its implied promise to consider only conduct after the execution of the plea agreement when evaluating Waldman’s entitlement to the reduction. Nevertheless, when viewed in the context of the government’s entire presentation to the district court, it is clear that the government invoked pre-plea conduct for the limited purpose of rebutting Waldman’s post-plea statements regarding that conduct. Moreover, the government clearly and repeatedly insisted, both at the sentencing proceeding and in its written submissions to the district court, that the reduction should be denied on the basis of Waldman’s post-plea conduct. We conclude that the government did not breach the plea agreement. See United States v. Riera, 298 F.3d 128, 135-36 (2d Cir.2002) (finding that “the government’s December 7 letter came very close to breaching the agreement” by arguably suggesting that the sentencing court should depart, but holding that there was no breach because the “letter did not explicitly advocate a departure” and “to clear up any confusion as to any possible implicit message of advocacy in the letter, the government soon thereafter and repeatedly told the district *228 court that it had not intended to advocate and was not advocating a departure”).
We review Waldman’s sentence for reasonableness. United States v. Mejia, 461 F.3d 158, 162 (2d Cir.2006). Reasonableness review has two components: (1) a consideration of the procedures followed by the district court and (2) a consideration of “whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a).” United States v. Rattoballi, 452 F.3d 127, 131-32 (2d Cir.2006). With respect to the inquiry into procedural reasonableness, we consider whether the district court properly identified the Guidelines range supported by the facts it found, see id. at 131 (quoting U.S.S.G. § 3E1.1, Application Note 3), but we have cautioned that a district court need not “ ‘definitively resolve’ all Guidelines disputes preliminary to imposing a non-Guidelines sentence,” United States v. Canova, 412 F.3d 331, 351 n. 20 (2d Cir.2005) (quoting United States v. Crosby, 397 F.3d 103, 112 (2d Cir.2005)). With respect to our inquiry into substantive reasonableness, “[a]lthough the brevity or length of a sentence can exceed the bounds of ‘reasonableness,’ ” we strive to “exhibit restraint, not micromanagement” in our review. United States v. Fleming, 397 F.3d 95, 100 (2d Cir.2005). We review a district court’s interpretation of the Sentencing Guidelines de novo and evaluate its findings of fact for clear error. Rattoballi, 452 F.3d at 132.
Waldman challenges the district court’s decision to deny him the reduction for acceptance of responsibility. “A district court’s determination of whether a defendant has accepted responsibility is a ‘factual finding that will not be disturbed unless it is without foundation.’ ” United States v. Brennan, 395 F.3d 59, 75 (2d Cir.2005) (quoting United States v. Reyes, 13 F.3d 638, 640 (2d Cir.1994)). Even when the District Court has articulated impermissible reasons for the denial of such a reduction, its decision may nonetheless be affirmed if permissible reasons were also provided. See United States v. Rivera, 96 F.3d 41, 43 (2d Cir.1996). We need not decide whether the district court properly relied on its finding that Wald-man challenged his extradition in bad faith, because its other reasons amply supported its finding that Waldman had not accepted responsibility for his criminal conduct. While a guilty plea, “combined with truthful statements about the defendant’s offense and other relevant conduct, is ‘significant evidence’ of acceptance of responsibility, it can be outweighed by conduct that is inconsistent with acceptance of responsibility.” United States v. Ortiz, 218 F.3d 107, 108 (2d Cir.2000) (per curiam). That is what the district court found to have occurred in this case, and there was a solid foundation for that conclusion. Waldman’s more general assertion that the district court somehow violated his due process rights or otherwise erred by not imposing the sentence Wald-man expected to get based on his stipulations in the plea agreement is baseless. He was repeatedly informed that the judge would not be bound by either the plea agreement or the recommendations of the Probation Department’s Pre-Sentence Investigation Report when imposing sentence.
Next, Waldman argues that his sentence for the New York bankruptcy fraud should be made to run concurrently with his sentence for the Pennsylvania bankruptcy fraud. The district court correctly concluded that the two sentences could not be made to run concurrently because the latter had been fully dis *229 charged. See United States v. Labeille-Soto, 163 F.3d 93, 98-99 (2d Cir.1998). Even if the Pennsylvania sentence had not been fully discharged, a concurrent sentence would have been inappropriate because the prior offense was not “actually accounted for by the district court in calculating the defendant’s offense level” for the instant sentence. United States v. Williams, 260 F.3d 160, 167 (2d Cir.2001). Waldman appears to have waived through his plea agreement any argument that the district court erred in this regard, but even if he could raise this argument we would find it to be without merit as the district court’s conclusion that the Pennsylvania fraud was not relevant conduct for the purposes of sentencing on the New York fraud was not clearly erroneous. See United States v. Martin, 157 F.3d 46, 50 (2d Cir.1998). With respect to Waldman’s claim that the district court used the incorrect version of the Guidelines, any error in this regard was clearly harmless in light of the district court’s determination that it would have imposed the same non-Guidelines sentence under either version.
Finally, we are left to consider the reasonableness of the district court’s decision to impose a non-Guidelines sentence. See United States v. Pereira, 465 F.3d 515, 519 (2d Cir.2006). For the bankruptcy fraud, Judge Castel imposed a sentence of 27 months’ imprisonment, which, as he noted, corresponds to the midpoint of the Guidelines range for this offense. We have no difficulty concluding that 27 months is a reasonable sentence for this offense. For the failure to surrender, Judge Castel imposed a term of imprisonment of 48 months. The reasonableness of this part of the sentence is reflected in the district court’s thoughtful consideration of the factors enumerated in 18 U.S.C. § 3553(a) and their application to circumstances surrounding the offense.
The decision to make these sentences consecutive, to the extent that the district court had any discretion to do otherwise, see 18 U.S.C. § 3146(b)(2) (providing that “[a] term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense”), was entirely appropriate under the circumstances. Cf. United States v. Kalady, 941 F.2d 1090, 1097-98 (10th Cir.1991) (declining to reach the question of whether § 3146(b)(2) precluded the district court from imposing a concurrent sentence where the district court imposed a consecutive sentence). Through his conduct, which included not only a flight from justice, but also the deliberate deception of a sister court of appeals, Waldman has demonstrated what the district court aptly described as “utter contempt and disregard for the justice system.” Whether considered as a whole or on the basis of its constituent parts, the aggregate 75-month sentence Wald-man received is eminently reasonable and well justified by the district court.
We have considered all of the defendant’s other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.