OPINION OF THE COURT
Peter E. Corning, J.
Petitioner moves for an order of this court prohibiting the New York State Board of Parole from using petitioner’s prior youthful offender adjudication as part of petitioner’s prior criminal record in determining petitioner’s minimum sentence.
The New York State Board of Parole, in evaluating petitioner’s minimum period of incarceration, considered that the petitioner had two prior felony convictions. Petitioner contends that one of his prior convictions was as a youthful offender and therefore should not be considered as a felony conviction, since at the time of the youthful offender adjudication, the felony conviction was vacated.
In passing upon petitioner’s motion, it should be noted that the New York Division of Parole is charged with the duty of setting the minimum term of imprisonment which an inmate must serve prior to being considered for parole. In considering the question of minimum sentence, the Parole Board takes into consideration two factors: (1) crime severity, and (2) prior criminal history. The question before this court is whether or not the petitioner’s adjudication as a youthful offender should be considered in evaluating the prior criminal history.
It is the opinion of this court that since the New York State Board of Parole is charged with the obligation of *981 determining minimum sentences, whatever guidelines they devise to make the process equitable should stand unless shown to be arbitrary and capricious. The Parole Board has an obligation in determining a person’s sentence to evaluate his prior criminal record. To ignore a youthful offender adjudication would be improvident since the act which formed the basis for the youthful offender adjudication was no less criminal because of the youthful offender adjudication.
The youthful offender statute was designed to act as a buffer between the first offender and society by not labeling him as a “convicted felon” when his act may have been an isolated instance of poor judgment. The “youthful offender” statute was not enacted to shield a criminal from an overview of his criminal background in determining a proper sentence.
Whereas a court may not consider a youthful offender adjudication as a predicate felony so as to sentence an individual as a second felony offender, the court does have the opportunity to review the youthful offender’s record and the sentence of the court may well be weighted by those acts which are termed “youthful offender”.
Accordingly, it is the opinion of this court that consideration of petitioner’s prior youthful offender adjudication by the New York State Board of Parole in determining petitioner’s minimum sentence is entirely proper and reasonable. This court finds that petitioner’s motion is without merit and is therefore denied.