**UNITED STATES of America, Appellee,**

v.

**Terrance MATTHEWS, Defendant–Appellant.**

**Docket No. 99–1259**

United States Court of Appeals, Second Circuit.

Argued: Dec. 9, 1999

Decided: March 9, 2000

Robert G. Smith, Assistant Federal Public Defender, Western District of New York, Rochester, N.Y. (Marybeth Covert, on the brief), for defendant–appellant.

Bret A. Puscheck, Assistant United States Attorney, Western District of New York, Rochester, N.Y. (Denise E. O'Donnell, United States Attorney, Western District of New York), for appellee.

Before: WINTER, Chief Judge,
PARKER and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge:

Defendant-appellant Terrance Matthews appeals from the judgment of conviction, entered May 11, 1999, sentencing him to a forty-two month term of imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (1994). On appeal, Matthews contends that the district court erred in computing his sentence by improperly counting a prior New York State youthful offender adjudication in the calculation of his criminal history category under the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *See* United States Sentencing Commission, *Guidelines Manual*, (Nov.1998). We find that Matthews' youthful offender adjudication is not an "expunged" conviction under U.S.S.G. § 4A1.2(j) and therefore affirm the district court's inclusion of that adjudication in Matthew's criminal history calculation.

## BACKGROUND

On March 15, 1995, Matthews was convicted in Monroe County Court in Rochester, New York, for criminal possession of a weapon. Although Matthews was eighteen years old at the time, he was eligible for and received a youthful offender adjudication under Article 720 of the New York State Criminal Procedure Law. *See*

1. On July 29, 1996, Matthews had been convicted in Monroe County Court in Rochester, New York for attempted burglary in the second degree, a felony under New York law.

N.Y.Crim. Proc. Law §§ 720.10–.35 (McKinney 1995). Pursuant to his adjudication as a youthful offender, Matthews' conviction was "deemed vacated and replaced by a youthful offender finding," and the court sentenced him as a youthful offender for one to three years of incarceration. *See* N.Y.Crim. Proc. Law § 720.20.3.

On November 20, 1998, a federal grand jury for the Western District of New York charged Matthews with violating 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm by a felon.[1] Matthews pleaded guilty to the charge on February 16, 1999. At sentencing on May 5, 1999, the district court denied Matthews' motion under U.S.S.G. § 4A1.2(j) to exclude his 1995 New York State youthful offender adjudication from the calculation of his criminal history category. By including Matthews' prior youthful offender adjudication, the district court added three points to his criminal history under U.S.S.G. § 4A1.1(a),[2] which raised Matthews' criminal history from category III to category IV. As a result of the higher criminal history category, Matthews' imprisonment range under the Guidelines rose from a range of thirty to thirty-seven months to a range of thirty-seven to forty-six months. The district court imposed a term of imprisonment of forty-two months, and this appeal followed.

## DISCUSSION

■ As a preliminary matter, we note that the district court's decision to include Matthews' youthful offender adjudication in the calculation of his criminal history category presents a straightforward question of law. Accordingly, we review the sentencing court's application of the Guidelines *de novo. See United States v. Hernandez–Santiago,* 92 F.3d 97, 100 (2d Cir. 1996).

2. Section 4A1.1(a) provides that a sentencing court shall add three points to the calculation of a defendant's criminal history category for each prior sentence of imprisonment exceeding one year and one month. *See* U.S.S.G. § 4A1.1(a).

■ The Guidelines require that a sentencing court take into account a defendant's prior convictions when calculating the defendant's criminal history. *See* U.S.S.G. §§ 4A1.1, 4A1.2. However, the court may not include "expunged" convictions in such calculation. *See* U.S.S.G. § 4A1.2(j). The Guidelines do not expressly define what it means for a prior conviction to have been "expunged," but an application note to U.S.S.G. § 4A1.2 explains that prior convictions that have not been "expunged," but instead "set aside ... for reasons unrelated to innocence or errors of law, *e.g.,* in order to ... remove the stigma associated with a criminal conviction," should be counted when determining a defendant's criminal history category. U.S.S.G. § 4A1.2, Application Note 10. Thus, the question presented here is whether, under the Guidelines, Matthews' 1995 New York State youthful offender adjudication "expunged" his conviction for criminal possession of a weapon or simply "set aside" that conviction.

■ In determining whether a state statute provides for "expungement" within the meaning of § 4A1.2(j), we look to the language and design of the state statute, as well as its purpose. *Cf. United States v. Hines,* 133 F.3d 1360, 1362–63 (10th Cir.1998) ("In determining whether a conviction is expunged for purposes of the Sentencing Guidelines, Application Note 10 requires sentencing courts to analyze the true basis for expungement under state law...."). Thus, in *United States v. Beaulieau,* 959 F.2d 375, 380–81 (2d Cir. 1992), we found that a conviction under a Vermont juvenile statute was "expunged" for purposes of sentencing under the Guidelines, because the statute provided that "the proceedings in the matter under this act shall be considered never to have occurred, all index references thereto shall be deleted, and the person, the court, and law enforcement officers and departments shall reply to any request for information that no record exists with respect to such person upon inquiry in any matter." *Id.* at 380 (quoting Vt. Stat. Ann. tit. 33, § 665(c) (1981) (current version at Vt. Stat. Ann.

tit. 33, § 5538(c) (1999))). In so holding, we explained that because "[t]he language of the statute indicates ... [the legislature's] inten[t] wholly to eliminate any trace of the past proceeding [and] wholly to erase [the defendant's] prior conviction from [Vermont's] criminal records," an adjudication under that statute must be deemed an "expunged" conviction under § 4A1.2(j). *Id.* at 381.

We applied the same reasoning in *United States v. Reyes,* 13 F.3d 638, 641 (2d Cir.1994), in holding that a Florida conviction that had been vacated pursuant to a motion to mitigate the sentence had not been "expunged" under the Guidelines because the conviction and records thereof were not completely "sealed and stricken." The Tenth Circuit employed the same analysis in examining an Arkansas statute. In *United States v. Hines,* 133 F.3d at 1365, the Tenth Circuit found that the Arkansas statute at issue did not cause "expungement" of a conviction under the Guidelines because the statute did not permit destruction of the sealed records relating to the conviction and the Arkansas courts had continued access to them.

In accordance with the approach taken in these cases, we find that an adjudication under the New York youthful offender statute does not result in an "expunged" conviction for purposes of the Guidelines. The language and design of this statute, as well as its purpose, compel this conclusion. When a defendant receives a youthful offender adjudication in New York, his conviction is "deemed vacated and replaced by a youthful offender finding," and the court imposes a youthful offender sentence pursuant to N.Y. Penal Law § 60.02 (McKinney 1998). *See* N.Y.Crim. Proc. Law § 720.20.3. The youthful offender statute requires that all records and papers relating to a case involving a youthful offender adjudication be kept confidential, but those documents are still made available to the New York State division of parole and probation department for use in carrying out their duties. *See* N.Y.Crim. Proc. Law § 720.35.2 (McKinney Supp.1999).

Notably, the New York statute does not call for an "expungement" of the conviction. In numerous other provisions of the New York codes, the statutes explicitly call for an expungement of records. *See, e.g.,* N.Y. Correct. Law § 168–n.5 (McKinney Supp.1999) (requiring the "expungement of . . . records" under the Sex Offender Registration Act upon reversal of a sex offense conviction); N.Y. Educ. Law § 3020–a.4(b) (McKinney 1995) (requiring that charges against a teacher, supervisor, or administrative staff member be "expunged from the employment record" after acquittal); N.Y. Exec. Law § 94.18(i) (McKinney 1993) (requiring that information filed with the state ethics commission be "expunged in its entirety" when state official under scrutiny resigns); N.Y. Exec. Law § 995–c.9 (McKinney 1996) (requiring that DNA records be "expunged from the state DNA identification index" after reversal of criminal conviction); N.Y. Jud. Law § 46.5 (McKinney 1983) (providing that charges against an employee of the commission on judicial conduct will be "expunged from his record" upon dismissal of the charges); N.Y. Jud. Law § 67.5 (McKinney 1983) (providing that charges against an employee of the commission on judicial nomination will be "expunged from his record" upon dismissal of the charges); N.Y. Fam. Ct. Act § 375.3 (McKinney 1998) (recognizing Family Court's "inherent power to order the expungement of court records" for juvenile delinquency proceedings); N.Y. Fam. Ct. Act § 1051(f)(iii) (McKinney Supp.1998) (prohibiting "expungement of . . . report" of child abuse or neglect); N.Y. Pub. Health Law § 2803–d.6(d) (McKinney 1993) (outlining procedures by which reports of abuse of persons receiving care in residential health care facilities may be expunged); N.Y. Soc. Serv. Law § 422.6 (McKinney Supp.1999) (providing for when records of child abuse or maltreatment "shall be expunged" from the central register); N.Y. Soc. Serv. Law §§ 444.1(c)-(d) (McKinney 1992) (permitting expungement of identifying information and records of children placed in state care). Thus, it is clear that the New York legislature knew how to provide for a complete "expungement," but it did not do so with respect to the youthful offender statute. *See Pajak v. Pajak,* 56 N.Y.2d 394, 397, 452 N.Y.S.2d 381, 437 N.E.2d 1138 (1982) ("The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended.").

Furthermore, unlike the Vermont statute at issue in *Beaulieau,* the New York youthful offender statute does not require actions that would effectively eliminate all vestiges of the adjudication. To the contrary, although the statute requires that records concerning the adjudication be kept confidential, those records—and, thus, evidence of the conviction—are retained and, in certain circumstances, used for subsequent purposes.[3] For example, before granting a youthful offender adjudication, a New York court must consider whether a defendant has previously been adjudged a youthful offender because the youthful offender statute prohibits granting a youthful offender adjudication to a defendant who has previously received one for a felony conviction. *See* N.Y.Crim. Proc. Law § 720.10.2(c); *cf. People v. Compton,* 38 A.D.2d 788, 328 N.Y.S.2d 72 (4th Dep't 1972) (considering whether a second youthful offender adjudication violated the terms of defendant's probation from an earlier youthful offender adjudication). In addition, a youthful offender adjudication is kept on record and deemed a conviction for purposes of custody and transfer under N.Y. Exec. Law § 259. *See* N.Y.Crim. Proc. Law § 720.35.1. Furthermore, New York's Criminal Procedure Law provides that upon official request of any probation, parole, or public institutional agency outside of New York, the New York State probation department may make information in its files available to

---

**3.** This, too, is unlike the New York statutes, discussed *supra,* which explicitly call for "expungement." Those statutes do not permit the records to which they pertain to be retained or used for any purpose after "expungement."

such agency so long as that agency agrees "to retain it under the same conditions of confidentiality as apply to" the New York probation department itself. *See* N.Y.Crim. Proc. Law § 390.50.4 (McKinney 1994). Thus, information regarding an individual's youthful offender adjudication remains potentially available for use by any number of state and federal law enforcement and judicial agencies.

New York courts have confirmed the youthful offender statute's narrow and specific purpose. As the New York Court of Appeals has observed, "[t]he youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts." *People v. Drayton*, 39 N.Y.2d 580, 584, 385 N.Y.S.2d 1, 350 N.E.2d 377 (1976). Another court has noted: "The youthful offender statute was designed to act as a buffer between the first offender and the society by not labeling him as a 'convicted felon'.... The 'youthful offender' statute was not to shield a criminal from an overview of his criminal background in determining proper sentence." *Pina v. Hammock*, 109 Misc.2d 980, 441 N.Y.S.2d 344, 346 (N.Y.Sup.1981) (permitting New York Board of Parole to include petitioner's youthful offender adjudication in his criminal record for determining minimum sentence that he must serve prior to being considered for parole), *aff'd*, 89 A.D.2d 799, 453 N.Y.S.2d 479 (4th Dep't 1982). Thus, by requiring youthful offender records to be kept confidential, the New York legislature intended only to "remove the stigma associated with a criminal conviction." U.S.S.G. § 4A1.2, Application Note 10. This legislative purpose is explicitly identified in the Guidelines as characterizing an

intention to "set aside" rather than to "expunge" a conviction. *See id.*

Finally, we find unavailing Matthew's reliance on *People v. Gray*, 84 N.Y.2d 709, 713, 622 N.Y.S.2d 223, 646 N.E.2d 444 (1995), in which the New York Court of Appeals referred to a youthful offender adjudication as an "expunge[d]" conviction. In *Gray*, the court considered whether a Florida youthful offender adjudication could be used as a predicate for enhanced sentencing in New York and stated, in passing, that "New York would *expunge* such convictions and prohibit their use as predicates in sentencing." *Id.* (emphasis added). As an initial matter, the *Gray* court's labeling of the effect of the New York youthful offender statute does not govern our interpretation of the Guidelines. *See Hines*, 133 F.3d at 1363 ("[A] state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category [under the Guidelines]."). Moreover, the fact that New York courts do not use youthful offender adjudications as predicates for enhanced sentencing, *see Gray*, 84 N.Y.2d at 713, 622 N.Y.S.2d 223, 646 N.E.2d 444, does not restrict federal courts from taking them into account when imposing sentences under the Guidelines where, as here, youthful offender adjudications are permitted to be used in various other ways both inside and outside the State of New York.[4]

Because the New York statute does not eliminate all trace of the prior adjudication and allows consideration of youthful offender adjudications in later proceedings, we find that a youthful offender adjudication in New York is not an "expunged" conviction for purposes of sentencing under the Guidelines.[5] Accord-

**4.** We note that New York courts at least consider a defendant's youthful offender adjudication in sentencing. *See, e.g., People v. Sapp*, 169 A.D.2d 659, 565 N.Y.S.2d 79 (1st Dep't 1991) (affirming sentence in light of "defendant's criminal history, including the fact that the defendant was previously adjudicated a youthful offender in a prior attempted rob-

bery conviction"); *People v. Thiel*, 51 A.D.2d 1093, 381 N.Y.S.2d 354 (3d Dep't 1976) (affirming sentence where "defendant ... had a stormy history with [the] criminal justice system, including a youthful offender adjudication").

**5.** In so holding, we reject Matthew's reliance on language from our decision in *United*

ingly, we conclude that the district court properly included Matthews' youthful offender adjudication in calculating his criminal history category. *See Reyes*, 13 F.3d at 641 (holding that, where "prior conviction was not fully 'expunged,' it was correctly counted in [the defendant's] criminal history").

## CONCLUSION

For the foregoing reasons, we affirm the sentence imposed by the district court.

*v. Cruz*, 156 F.3d 366 (2d Cir.1998). In *Cruz*, this Court, as "Background" to its decision addressing issues not relevant here, referred to a state conviction under New York law for grand larceny as having been "expunged in state court proceedings pursuant to New York State's youthful offender statutes." *Id.* at 368. The Court in *Cruz* assumed, without deciding, that a New York youthful offender adjudication is an "expunged" conviction under the Guidelines, and, accordingly, we are not bound or persuaded by this *dicta*.