**UNITED STATES of America,**

v.

**Michael GREENE, Defendant.**

**No. CRIM. 2:01CR158.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 1, 2002.

James A. Metcalfe, Assistant United States Attorney, Norfolk, VA, for USA.

John Arthur Coggeshall, Esquire, Norfolk, VA, Pro Se Petitioner.

## *OPINION*

SMITH, District Judge.

On August 22, 2001, a Grand Jury in the Eastern District of Virginia returned a five-count indictment against defendant Michael Greene. On October 15, 2001, pursuant to a written plea agreement, defendant pled guilty to Counts One and Three of the five-count indictment. Count One charged him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1), and Count Three charged him with Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. 841(a)(1).

Defendant was sentenced on February 8, 2002. The key issue at sentencing was whether two 1991 New York state offenses, for which defendant had received "youthful offender status," should be counted as prior felony convictions under the United States Sentencing Guidelines ("USSG") § 4B1.1, thereby making defendant a career offender. The court deter-

mined that these two state offenses should be counted.[1]

## *I. Background*

On April 9, 1991, and April 30, 1991, defendant was arrested by New York state authorities for attempted criminal sale of a controlled substance (cocaine). After pleading guilty to both charges in New York state court, defendant was convicted on May 29, 1991. At his sentencing on July 10, 1991, the state court vacated the convictions because defendant was found to be a "youthful offender," and defendant was sentenced to five years probation.

Article 720 of the New York State Criminal Procedure Law establishes a youthful offender statutory scheme. The youthful offender procedure is as follows: First, individuals between the ages of sixteen and nineteen charged with a criminal offense (excluding certain enumerated felonies) who meet certain specified conditions, including having no prior felony convictions and no prior youthful offender adjudications, are deemed "eligible youths." N.Y.Crim. Proc. Law § 720.10(1)-(2). Then, upon conviction of an eligible youth in a New York court, the court orders a presentence investigation to determine if the eligible youth is a "youthful offender," based on certain enumerated factors. *Id.* § 720.20(1). Finally, if the eligible youth is found to be a youthful offender, "the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding; and the court must sentence the defendant pursuant to section 60.02 of the penal law." *Id.* § 720.20(3). The youthful offender finding and resulting sentence together constitute a "youthful offender adjudication." *Id.* § 720.10(6).

---

1. The court ruled from the bench at sentencing, but reserved the option to file a written opinion on this issue at a later date.

After defendant's guilty plea in federal court on October 15, 2001, the United States Probation Officer who prepared defendant's Presentence Investigation Report counted the two 1991 New York youthful offender adjudications as convictions in determining that defendant was a career offender under USSG § 4B1.1. Section 4B1.1 states in relevant part that "[a] defendant is a career offender if ... (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Defendant has one prior felony conviction that neither side contests should be counted as a prior felony conviction under § 4B1.1.[2] However, defendant objected to the probation officer's decision to count the New York state youthful offender adjudications, arguing that the youthful offender adjudications were not "convictions" within the meaning of the Guidelines.[3] The inclusion of these offenses elevates defendant to career offender status, and thereby automatically elevates his criminal history category from a IV to a VI. The effect of career offender status is that defendant's imprisonment under the Guidelines changes from a range of 100 to 125 months to a range of 130 to 162 months.[4]

## II. Discussion

Application Notes 1 and 4 of USSG § 4B1.2 explain the meaning of the term "prior felony conviction" as it is used in

§ 4B1.1. Application Note 1 explains that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated a felony and regardless of the actual sentence imposed." Application Note 4 clarifies that the determination of whether a judicial procedure should be considered a conviction is determined by the provisions of USSG § 4A1.2 (titled "Definitions and Instructions for Computing Criminal History").

■ Defendant argues that Application Notes 1 and 4, when read together, create an ambiguity as to what "convictions" count for career offender status, and that this ambiguity should be resolved in favor of defendant based on the rule of lenity. However, the Fourth Circuit has found no such ambiguity. In *United States v. Byrd*, 995 F.2d 536, 538 (4th Cir.1993), the court stated that "[c]onvictions that properly are counted under U.S.S.G. § 4A1.2 must be considered in determining whether a defendant has the requisite number of predicate offenses to qualify as a career offender under § 4B1.1." Therefore, defendant's youthful offender adjudications should be considered in determining whether he is a career offender under § 4B1.1, if they are considered convictions for calculating his criminal history under § 4A1.2.

2. On April 19, 1995, defendant was sentenced in Virginia state court for Possession of Cocaine with Intent to Distribute. *See* Presentence Investigation Report, ¶ 23.

3. Defendant is only objecting to the use of the youthful offender adjudications in determining he was a career offender, and not to the inclusion of them in his criminal history category, because defendant was not assigned points for these two offenses in the calculation of his criminal history. *See* Presentence Investigation Report, Worksheet C. Although each of these offenses could have added one

point to defendant's criminal history, defendant had four more recent offenses for which he received one point.—United States Sentencing Guidelines ("USSG") § 4A1.1(c) specifies that the maximum number of offenses for which a defendant can receive one point is four.

4. Defendant was sentenced to 120 months on Count One and 120 months on Count Three, with 12 of the months on Count Three to run consecutive to the sentence on Count One, for a total of 132 months incarceration.

In order to determine whether a finding of youthful offender status counts as a conviction under § 4A1.2 the court must determine whether a youthful offender adjudication (1) expunges the conviction, (2) sets aside the conviction, or (3) is a diversionary disposition. If defendant's convictions were expunged, they are not counted in calculating defendant's criminal history, and therefore cannot be counted in determining career offender status. *See* USSG § 4A1.2(j); § 4B1.1, comment. (n.4). However, if the convictions were set aside, for example to remove the stigma associated with a criminal conviction, they are counted in calculating defendant's criminal history category, and therefore in determining defendant's career offender status. *See* USSG § 4A1.2, comment. (n.10). Likewise, if a youthful offender adjudication is considered a diversionary disposition after a judicial determination of guilt, the convictions are counted in determining defendant's criminal history category and career offender status. *See* USSG § 4A1.2(f); § 4A1.2, comment. (n.9).

The Second Circuit has faced the identical issue that is before this court. In *United States v. Matthews*, 205 F.3d 544, 545 (2d Cir.2000), a defendant appealed the district court's determination that a prior youthful offender adjudication under Article 720 of the New York State Criminal Procedure Law could be included in calculating his criminal history. After examining whether the youthful offender adjudication "expunged" the prior conviction or simply "set aside" the conviction, the Second Circuit upheld the district court's inclusion of the conviction. *Id.* at 546. It found that "an adjudication under the New York youthful offender statute does not result in an 'expunged' conviction for purposes of the Guidelines." *Id.* The Second Circuit opined that in order for a state law to "expunge" a conviction that is dismissed or vacated, the applicable state law must "eliminate all trace of the prior adjudication." *Id.* at 548; *see also United States v. Beaulieau*, 959 F.2d 375, 380 (2d Cir.1992) (holding a conviction under Vermont's juvenile statute should be deemed "expunged" for purposes of the Guidelines because the language of the statute makes clear that the legislative intent is to wholly erase any trace of the proceeding).

As the court in *Matthews* indicated, the New York youthful offender statutory scheme does not operate to relieve a defendant from all of the consequences of his criminal conduct under New York law. 205 F.3d at 547. For example, before a New York court can grant a youthful offender adjudication, it must determine whether the defendant has a prior youthful offender adjudication because the statutory scheme prohibits granting youthful offender status for a second felony conviction. *See* N.Y.Crim. Proc. Law § 720.10(2)(c). In addition, a youthful offender adjudication is kept on record and deemed a conviction for purposes of custody and transfer under N.Y. Exec. Law § 259. *See id.* § 720.35(1). Information about the youthful offender adjudication remains available for potential use by state and federal law enforcement and judicial agencies under N.Y.Crim. Pro. Law § 390.50.4. *See Matthews*, 205 F.3d at 547. As a final example, a prior youthful offender adjudication may be considered in determining whether a court should in its discretion issue an order of bail. *See* N.Y.Crim. Pro. Law § 510.30(2)(a)(v).

New York courts have also relied on prior youthful offender adjudications in proceedings on later offenses. For example, one New York court has considered a youthful offender adjudication to be a prior crime or prior offense for the purpose of determining the defendant's risk level pursuant to New York's Sex Offender Registration Act. *People v. Vite–Acosta*, 184

Misc.2d 206, 708 N.Y.S.2d 583, 585–86 (N.Y.Sup.Ct.2000) (finding the youthful offender adjudication can be considered because the defendant "elected to cast away his youthful offender fresh start"). Another New York court has held that the New York Board of Parole can consider a youthful offender adjudication as part of a defendant's prior criminal record in determining the defendant's minimum sentence "since the act which formed the basis for the youthful offender adjudication was no less criminal because of the youthful offender adjudication." *Pina v. Hammock,* 109 Misc.2d 980, 441 N.Y.S.2d 344, 346 (N.Y.Sup.Ct.1981).[5]

The Second Circuit re-affirmed the *Matthews* holding in *United States v. Driskell,* 277 F.3d 150 (2d Cir.2002) ("We hold that when calculating a defendant's criminal history under section 4A1.1 of the Guidelines, a district court may consider a prior conviction that was later adjudicated as a 'youthful offender' finding under New York law."). The *Driskell* court's rationale for including a youthful offender adjudication as a conviction for purposes of calculating a defendant's criminal history is that the federal court "should look to the substance of the past conviction rather than the statutory term affixed to it by a state court." *Id.* at 154. The court reasoned that under the New York statutory scheme, a defendant may be deemed an "eligible youth" while on trial, but he does not gain the status of "youthful offender" until after he has been convicted as an

adult. *Id.* at 154–55. After the adult conviction, the state court can determine at sentencing that in its discretion the eligible youth is a youthful offender because "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record." *Id.* at 155 (quoting N.Y.Crim. Pro. Law § 720.20(1)(a)) (citing *In Matter of Capital Newspapers Div. of the Hearst Corp.,* 71 N.Y.2d 263, 268, 525 N.Y.S.2d 24, 519 N.E.2d 825, 827 (1988)). As the Second Circuit recognized, "the youthful offender provisions are not intended to absolve a seventeen or eighteen year old offender of criminal responsibility but instead are designed to punish the offender for the crime." *Driskell,* 277 F.3d at 155. The court thoroughly examined New York's youthful offender statutory scheme and concluded that the district court properly considered a youthful offender adjudication as a past conviction for purposes of calculating defendant's criminal history, even though that conviction had been vacated under New York law. *Id.* at 154–58.[6]

The Fourth Circuit has not articulated a standard governing the term "expunge" as it pertains to calculations in the Guidelines. However, this court notes that in addition to the Second Circuit, the Fifth, Tenth, and D.C. Circuits have all examined the issue of when a conviction that has been dismissed or vacated can be considered to have been expunged under USSG § 4A1.2. These three circuits have held that a conviction can only be considered "expunged"

---

**5.** The court goes on to state "the youthful offender statute was designed to act as a buffer between the first offender and the society by not labeling him as a 'convicted felon' when his act may be an isolated instance of poor judgment. The 'youthful offender' statute was not to shield a criminal from an overview of his criminal background in determining proper sentence." *Pina,* 441 N.Y.S.2d at 346.

**6.** Although the *Driskell* court was examining whether the youthful offender adjudication should be used in calculating a defendant's criminal history under the Guidelines, a point not contested in the case at bar, *see supra* note 3, the court's discussion of New York's youthful offender statutory scheme and reasoning thereunder is directly applicable to this case.

if it was set aside because of innocence or errors of law. *United States v. Hines*, 133 F.3d 1360, 1363–64 (10th Cir.1998); *United States v. Cox*, 83 F.3d 336, 339–40 (10th Cir.1996); *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir.1994), *reinstated in relevant part and vacated in part*, *United States v. Ashburn*, 38 F.3d 803 (5th Cir.1994) (en banc); *United States v. Mc-Donald*, 991 F.2d 866, 871–72 (D.C.Cir. 1993). The approach taken in these circuits closely tracks the language of § 4A1.2, Application Note 10, which states in relevant part:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted.

USSG § 4A1.2, comment. (n.10).

Under the approach of these three circuits, defendant's youthful offense adjudications would still be counted in determining his career offender status, because the New York state convictions were not set aside for reasons of innocence or errors of law. Instead they were set aside to remove the stigma associated with a criminal conviction, which is a reason under Application Note 10 to count the conviction. The New York Court of Appeals has ex-plained that the youthful offender adjudication "emanates from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals." *People v. Drayton*, 39 N.Y.2d 580, 584, 385 N.Y.S.2d 1, 350 N.E.2d 377, 379 (1976).

■ Although the Fourth Circuit has not articulated a standard for what it means for a conviction to be "expunged" under the Guidelines, this court finds that the New York youthful offender statute does not expunge defendant's convictions within the meaning of the Guidelines. Allowing state terminology alone to determine when a conviction is expunged would severely jeopardize the goal of uniformity in the Guidelines. Instead, this court looks to the substance and effect of the state convictions, rather than the label the state chooses to place on them. In this case, the substance and effect of the New York youthful offender statutory scheme indicate that defendant's record has not been expunged.[7] This court is persuaded by the Second Circuit's reasoning on this identical issue, as well as by the approach of the Fifth, Tenth, and D.C. Circuits.[8] Accordingly, this court overrules defendant's objection to the use of the youthful offender adjudications in the determination that defendant is a career offender. The New York state offenses are properly

---

7. The court need not determine whether the youthful offender adjudication is a "diversionary disposition" or a conviction that is "set aside" because the outcome is the same in either situation. *See* USSG § 4A1.2, comment. (nn.9, 10).

8. The court acknowledges that the Ninth Circuit has adopted a different standard, finding that a dismissed or vacated conviction can be deemed to have been expunged for purposes of calculating a criminal history, even though the conviction was set aside for reasons unre-lated to innocence or errors of law, and even if the state law does not eliminate all trace of the adjudication that led to the conviction. *See United States v. Kammerdiener*, 945 F.2d 300, 301 (9th Cir.1991); *United States v. Hidalgo*, 932 F.2d 805, 807 (9th Cir.1991). However, this standard is an outlier among courts that have considered the issue, and the Ninth Circuit has recently "questioned the continuing validity of [its] decision in *Hidalgo*." *United States v. Hayden*, 255 F.3d 768, 773 (9th Cir.2001).

counted as "prior felony convictions" under § 4B1.1.

### III. Conclusion

For the reasons set forth above, the court **OVERRULES** defendant's objection to the Presentence Investigation Report.

The Clerk is DIRECTED to send a copy of this Opinion to counsel for the defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**