

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2004

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Wright" (2004). *2004 Decisions*. Paper 254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1280

UNITED STATES OF AMERICA

v.

OMAR WRIGHT,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 03-CR-00163
District Judge: The Honorable Gary L. Lancaster

Submitted Pursuant to LAR 34.1(a)
October 1, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed: October 5, 2004  )

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Omar Wright was convicted of certain firearm offenses and sentenced to 57

months imprisonment.  He appeals from the sentence, contending that the District Court

erred in calculating his guideline range by considering hearsay evidence of a burglary

offense that occurred when he was fifteen years of age. We find no error and will affirm the judgment of the District Court.[1]

I.

Wright pled guilty to two firearm offenses in late September 2003. A probation officer prepared a pre-sentence investigation report ("PSR") which computed Wright's offense level and criminal history category based, *inter alia*, on a burglary offense committed when Wright was 15 years of age. The PSR indicated that Wright and another individual had burglarized a home and had assaulted the victim, causing serious physical injuries. According to the PSR, Wright was adjudicated as a youthful offender and sentenced to one to three years imprisonment.

Wright objected to the PSR on several grounds, including the probation officer's consideration of his burglary conviction in computing his total offense level under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a) and his criminal history category under U.S.S.G. § 4A1.1(a). According to Wright, his burglary conviction could not be considered because he was fifteen at the time, and sentences imposed for an offense committed prior to the age of eighteen should not be counted unless they "resulted from an adult conviction." U.S.S.G. §4A1.1, commentary, applic. note 1. Wright further noted that his "youthful offender" adjudication resulted in his conviction being "deemed

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

vacated." Wright pointed out that the court records had been sealed, and that the probation officer had been unable to adduce any original documentation pertaining to his burglary conviction. The probation officer refused to modify her PSR, however, explaining that the assessment of criminal history points for this burglary offense was consistent with New York law as applied by the Second Circuit in *United States v. Driskell*, 277 F.3d 150 (2d Cir. 2002), and *United States v. Matthews*, 205 F.3d 544 (2d Cir. 2000).

Prior to sentencing, Wright urged the District Court to calculate his guideline range without regard to his burglary offense. He argued that his conviction had not resulted from an adult conviction. As support for his contention, Wright relied upon a "Certificate of Disposition - Youthful Offender Adjudication" obtained from the Supreme Court of the State of New York stating that "a youthful offender adjudication is not a judgment of conviction for a crime or any other offense."

The District Court rejected Wright's argument. It relied on the Second Circuit's decision in *Driskell*, 277 F.3d at 155, and explained that under New York law the burglary conviction "would [have] had to have been an adult court conviction in order for this youthful offender status to even come into play. . . . Otherwise, [Wright] would have been deemed a juvenile." Because Wright's burglary conviction constituted a crime of violence, his base offense level was assessed at 20 under U.S.S.G. § 2K2.1(a)(4)(A) and adjusted upward to 26 based on the fact that the offense involved 41 firearms. A three

3

point reduction for acceptance of responsibility resulted in a total offense level of 23. By factoring his burglary offense in the computation of his criminal history category, Wright's criminal history category increased from II to III, and his guideline range rose from 51 - 63 months to 57 - 71 months. The District Court sentenced Wright to 57 months, the lower end of the applicable guideline range.

Wright appeals, challenging the District Court's inclusion of his burglary offense in the calculation of his guideline range. Relying on the lack of original documentation regarding his burglary offense, Wright argues that the Court erred in admitting hearsay evidence regarding his burglary conviction. We have "plenary review of questions of law, such as the admissibility of hearsay statements at sentencing." *United States v. Brothers*, 75 F.3d 845, 848 (3d Cir. 1996).

## II.

Wright does not directly challenge, for good reason, the District Court's consideration of his burglary offense in calculating his offense level and criminal history category. As the Second Circuit explained in *Driskell*, the youthful offender statute is "clear that the defendant is convicted as an adult and only later may, in the court's discretion, have that conviction vacated and replaced by a youthful offender finding." 277 F.3d at 155. Following *Driskell*, the Second Circuit in *United States v. Cuello*, 357 F.3d 162 (2d Cir. 2004), concluded that a youthful offender adjudication was appropriately considered as a conviction for purposes of computing a defendant's total

offense level.

Rather, Wright contends that the District Court erred in admitting hearsay evidence regarding his youthful offender adjudication. He acknowledges that our caselaw and U.S.S.G. § 6A1.3(a) allow a sentencing court to consider hearsay evidence, but points out that such evidence must be reliable. *See United States v. McGlory*, 968 F.2d 309, 347 (3d Cir. 1992). Here, Wright contends that the evidence adduced by the probation officer was not reliable inasmuch as she did not have a certified record of his conviction. He points out that the probation officer relied on "hearsay in the form of part of a draft of some report done by some unidentified personnel of the Bronx County probation office" and a New York State rap sheet. Because in his view this evidence was unreliable hearsay, Wright asserts that the government failed to meet its burden of proving by a preponderance of the evidence that his youthful offender adjudication constituted an adult conviction.

Wright is correct that we have sanctioned the use of hearsay evidence at sentencing, provided it has "sufficient indicia of reliability to justify the court's reliance upon it." *Brothers*, 75 F.3d at 846. In *Brothers*, we concluded that the District Court erred at sentencing because the drug quantity attributed to the defendant was based on unreliable hearsay evidence which directly conflicted with sworn testimony.

This case is factually distinguishable from *Brothers* because Wright's youthful offender adjudication is not the subject of conflicting evidence. Indeed, all of the

evidence of record indicates that Wright's burglary offense concluded with a youthful offender adjudication in 1990 which resulted in a sentence of one to three years of imprisonment. Even the Certificate of Disposition produced by Wright confirms that the records of the Supreme Court of the State of New York, Bronx County, reflect that Wright was charged with burglary and adjudicated a youthful offender. Thus, we conclude that the evidence marshaled by the probation officer was reliable and appropriately considered by the District Court.

We are not troubled by the fact that the probation officer did not produce a certified record of Wright's youthful offender adjudication. This Court does not require certified copies of judgments of conviction in every case. *See United States v. Watkins*, 54 F.3d 1163, 168 (3d Cir. 1995) (rejecting defendant's argument for *per se* rule requiring certified copies of the judgment of conviction). And New York law provides that even though the official records regarding the adjudication are confidential, such records are accessible by the New York probation department and may be shared, as they were in this instance, with other state and federal law enforcement and judicial agencies. *See Matthews*, 205 F.3d at 547-48 (citing N.Y. Crim. Proc. Law § 390.50.4 (McKinney 1994)).

It is telling that Wright's objection to the PSR did not contest the fact that he was adjudicated a youthful offender at the age of fifteen after burglarizing a home and seriously injuring an individual. Nor did he dispute that he was sentenced to one to three

6

years of imprisonment and actually served that time.  His challenge to the PSR concerned only a legal issue: whether his youthful offender adjudication constituted an adult conviction for purposes of U.S.S.G. § 4A1.1.  Thus, the District Court was entitled to rely on the facts set forth in his PSR that were not challenged.  *See* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact"); *Watkins*, 54 F.3d at 167.  We conclude that there was sufficient evidence in the record to meet the government's burden of proof with respect to Wright's burglary conviction.

We will affirm the judgment of the District Court.