11-2120-cr
*United States v. Britton*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
J. GARVAN MURTHA,
*District Judge.*[*]

---

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                              11-2120-cr

RONALD BRITTON,

*Defendant-Appellant*,

DEVON JOHNSON, JERMEL PERINEAU, JOSEPH GUERINO, AKA GUERINO JOSEPH,

*Defendants.*

---

[*]The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:    Sally Wasserman, Law Office of Sally Wasserman, New York, NY.

FOR APPELLEE:    Zainab Ahmad, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED.**

Appellant Ronald Britton appeals from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*), which sentenced Britton to 180 months' incarceration on his plea of guilty to robbery conspiracy in violation of 18 U.S.C. § 1951(a) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court also imposed a restitution order of $49,450.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Britton raises three issues on appeal.  He argues that (1) the district court committed reversible error in including two New York juvenile delinquency adjudications

when calculating Britton's criminal history category; (2) this Court should vacate his sentence because the government miscalculated the applicable offense level under the United States Sentencing Guidelines ("the Guidelines") in its plea agreement with Britton, thus exposing Britton to a substantially higher sentence than he had contemplated when pleading guilty; and (3) this Court should vacate the restitution order imposed on Britton because the district court failed to take into account Britton's financial circumstances and other obligations when fashioning the payment schedule.

We reject Britton's argument that the district court committed reversible error in including two New York criminal delinquency adjudications in calculating Britton's criminal history category. Specifically, Britton contends that his juvenile delinquency adjudications are "expunged" convictions and thus should have been excluded under U.S.S.G. § 4A1.2(j). Because Britton did not object on this ground below, either in his objections to the Presentence Report ("PSR") or at the sentencing hearing, we review for plain error only.

The Guidelines provide that two criminal history points should be added for each juvenile sentence to confinement of at least 60 days if the defendant was released from that confinement within five years of committing the instant offense. U.S.S.G. § 4A1.2(d)(2)(A). However, "[s]entences for expunged convictions are not counted." U.S.S.G. § 4A1.2(j). The Guidelines do not define when a conviction is expunged. This Court has held that a conviction is "expunged" if the relevant statute "effectively eliminate[s] all vestiges of the adjudication." *See United States v. Matthews*, 205 F.3d 544, 547 (2d Cir. 2000); *see also United States v. Beaulieau*, 959 F.2d 375, 380-81 (2d Cir. 1992).

The New York Family Court Act provides that "another court, in imposing sentence upon an adult after conviction may receive and consider the records and information on file with the family court, unless such records and information have been sealed pursuant to § 375.1 [of the Family Court Act, which provides for sealing of records upon termination of a juvenile proceeding in favor of the juvenile]." N.Y. Fam. Ct. Act § 381.2. If the defendant's record is not sealed pursuant to § 375.1, vestiges of the juvenile delinquency adjudication remain and thus such adjudications

4

are not considered "expunged" under U.S.S.G. § 4A1.2(j). *See Matthews*, 205 F.3d at 547; *Beaulieau*, 959 F.2d at 380-81. Even if it would constitute error for the district court to include juvenile delinquency adjudications sealed pursuant to § 375.1 in calculating a defendant's criminal history category, there was nothing before the district court that made it clear or obvious that Britton's juvenile records were sealed pursuant to that section. Therefore, the district court did not commit error, let alone plain error.

Similarly unavailing is Britton's claim that the government's mistake in calculating his offense level in the plea agreement rendered the resulting sentence unreasonable or unfair. The plea agreement provided that the Guidelines calculation contained therein was an "estimate," that such estimate was not binding on the government or the Court, and that a mistake in the estimate would not entitle Britton to withdraw his plea. Further, before the district court accepted Britton's plea, it made sure that he was fully aware that a mistake in the plea agreement's Guidelines calculations would not give him a basis to withdraw the plea. There is no evidence-and Britton does not argue-that

the government acted in bad faith.  Under these circumstances, vacatur of Britton's sentence is not warranted.  *See United States v. Habbas*, 527 F.3d 266, 271 (2d Cir. 2008).

Finally, Britton argues that the district court committed plain error in imposing restitution in the amount of $49,450.  In particular, Britton complains that (1) the district court never considered Britton's financial resources and other financial obligations in fashioning the restitution order, and (2) the district court's election to impose the full burden of restitution on Britton even though there were other defendants is "troubling."  Britton's arguments are without merit.  The order itself, requiring Britton to pay $25 each quarter while incarcerated and 10% of gross income while on supervised release, reflects consideration of Britton's financial resources.  Further, there is nothing "troubling" about the district court imposing the "full burden" of restitution on Britton.  The relevant statute specifically provides that "[i]f the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution."  18 U.S.C. § 3664(h).

6

We have considered all of Britton's remaining arguments, and after a thorough review of the record, we find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk