**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4194**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JONATHAN VICTORINO BUSTOS-ANICA, a/k/a Jonathan Victorino
Bustos Anica, a/k/a Jonathan Victorino Bustos, a/k/a
Jonathan Victorino-Bustos, a/k/a Jonathan Victorino-
Bustogania, a/k/a Jonathan Victorino-Agustos,

    Defendant - Appellant.

_____

**No. 16-4198**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JONATHAN VICTORINO BUSTOS-ANICA, a/k/a Jonathan Victorino
Bustos, a/k/a Jonathan Anica-Bustos,

    Defendant - Appellant.

_____

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro. N. Carlton Tilley,
Jr., Senior District Judge. (1:15-cr-00308-NCT-1; 1:14-cr-
00324-NCT-1)

_____

Submitted: September 22, 2016   Decided: October 13, 2016

Before KING and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Victorino Bustos-Anica, a native and citizen of Mexico, pled guilty in October 2015 to illegal reentry after removal and deportation, in violation of 8 U.S.C. § 1326(a) (2012). Based on a total offense level of 10 and a criminal history category of III, Bustos-Anica's advisory Sentencing Guidelines range was 10 to 16 months' imprisonment.

In February 2016, a petition to revoke Bustos-Anica's supervised release (imposed in a prior § 1326 proceeding) was filed, based on his violation of a condition that he remain outside the United States during his term of supervision. Bustos-Anica admitted the violation, as evidenced by his guilty plea in October 2015. The relevant advisory policy statement range, based on a Grade B violation, was 6 to 12 months' imprisonment.

The district court consolidated the two cases for sentencing and imposed a 16-month sentence on the substantive offense of illegal reentry and a 12-month sentence on the revocation of supervised release, to run consecutively, for a total term of 28 months' imprisonment. Bustos-Anica appeals, arguing, first, that his revocation sentence is plainly unreasonable because the district court imposed the sentence to run consecutively to, rather than concurrently with, the sentence imposed on the substantive offense. We review

3

sentences imposed upon revocation of supervised release to determine whether they "fall[] outside the statutory maximum" or are otherwise "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). We must "first decide whether the sentence is unreasonable[,] . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In analyzing a revocation sentence, we apply "a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Padgett, 788 F.3d at 373.

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual and the applicable 18 U.S.C. § 3553(a) (2012) factors. Id.; see 18 U.S.C. § 3583(e) (2012). The court must provide an adequate statement of reasons for the revocation sentence it imposes, but this statement need not be as specific or as detailed as that required in imposing an original sentence. United States v. Thompson, 595 F.3d 544,

4

547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

Here, the record establishes that the district court committed no procedural or substantive error in imposing the 12-month revocation sentence. The court considered the Chapter Seven policy statements and the relevant § 3553(a) factors — noting the number of Bustos-Anica's prior deportations — and imposed a sentence within the policy statement range. Although Bustos-Anica argues that the court should have imposed the sentence to run concurrently with the sentence on the underlying offense, he concedes that the Guidelines instruct courts to impose sentences to run consecutively to any sentence the defendant is currently serving. See USSG § 7B1.3(f), p.s. (2015) (providing that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving").

Second, Bustos-Anica argues that the total sentence is unreasonable because it is greater than necessary to achieve the sentencing objectives of the Guidelines. We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This

5

review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  Id. at 49-51.  If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  Id. at 51.

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (emphasis and internal quotation marks omitted), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 552 U.S. at 50.  An extensive explanation is not required as long as we are satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'"  United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

Here, the district court properly calculated the advisory Guidelines range, heard argument of counsel, and provided an

6

adequate explanation for the sentence imposed, specifically noting the number of Bustos-Anica's prior removals and deportations. Considered in the context of the entire sentencing hearing, we conclude that the district court's explanation is sufficient to satisfy us that it "'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita, 551 U.S. at 356).

Accordingly, we affirm Bustos-Anica's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED