18-3776-cr (L)
United States v. Santiago

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

DAVID SANTIAGO, AKA BORI, SHAJONNY     No. 18-3776
SANTANA, AKA GIOVANNI, AKA G-MONEY,     No. 19-182

*Defendants-Appellants*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT
DAVID SANTIAGO:           KARLOFF CYLTON
                         COMMISSIONG, Adams &
                         Commissiong LLP, New York,
                         NY.

FOR DEFENDANT-APPELLANT
SHAJONNY SANTANA:         Lorraine Gauli-Rufo, LGR
                         Law, LLC, New York, NY.

FOR APPELLEE:             KARL METZNER, Assistant
                         United States Attorney (David
                         W. Denton, Jr., Hagan Scotten,
                         Anna M. Skotko, Assistant
                         United States Attorneys, *on the
                         brief*), *for* Geoffrey S. Berman,
                         United States Attorney for the
                         Southern District of New York,
                         New York, NY.

Appeal from judgments of the United States District Court for the

Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the appeal of Defendant-Appellant DAVID SANTIAGO is

DISMISSED and the judgment of the District Court as to Defendant-Appellant

SHAJONNY SANTANA is AFFIRMED.

These appeals arise from a multi-defendant prosecution targeting members of the "Hot Boys," a criminal enterprise in New York. David Santiago and Shajonny Santana each pleaded guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), pursuant to plea agreements with the Government. Santiago was sentenced principally to a term of 60 months' imprisonment, to run consecutive to a 128-month sentence imposed for a previous conviction, and Santana was sentenced principally to a term of imprisonment of 120 months. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision.

1. <u>Santiago</u>

Santiago does not dispute that his sentence falls within the scope of the appeal waiver contained in his plea agreement, in which he agreed not to appeal any sentence within or below a stipulated Guidelines range of 210 to 240 months' imprisonment. But Santiago argues that the waiver was nullified by the subsequent change in law reflected in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). Relying on <u>Davis</u>, Santiago claims he was "incorrectly deemed to be a career offender based on the incorrect assertion that a racketeering conspiracy

was a crime of violence," resulting in the wrong Guidelines range. This argument is without merit. Even assuming that Santiago's reliance on Davis is sound, "[o]ur cases foreclose the possibility that a plea agreement can be nullified by a change in law after the agreement is executed: A defendant's 'inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver.'" United States v. Riggi, 649 F.3d 143, 149 n.7 (2d Cir. 2011) (quoting United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005)). Likewise, a defendant's "waiver of his right to challenge . . . [his] sentence . . . plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of [his] sentence." United States v. Arevalo, 628 F.3d 93, 97 (2d Cir. 2010) (quotation marks omitted). For these reasons, we reject Santiago's argument and conclude that Santiago's waiver is enforceable and bars his appeal.

2. Santana

We turn next to Santana, who challenges the procedural and substantive reasonableness of his sentence. As an initial matter, Santana claims that the District Court erred in calculating his criminal history to include a youthful offender adjudication because "the combination of youthful offender status

4

coupled with a conditional discharge essentially equates with an expungement." Santana waived this argument by initially lodging but then affirmatively withdrawing his objection to including the youthful offender adjudication. See United States v. Weiss, 930 F.2d 185, 198 (2d Cir. 1991). And even if Santana had not waived the argument, we conclude that, on plain error review, the argument has no merit. This is because "an adjudication under the New York youthful offender statute does not result in an expunged conviction for purposes of the Guidelines." United States v. Matthews, 205 F.3d 544, 546 (2d Cir. 2000) (quotation marks omitted); see also United States v. Cuello, 357 F.3d 162, 165–69 (2d Cir. 2004).

Santana also claims that the District Court engaged in improper double counting to calculate his Guidelines range. Improper "double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (quotation marks omitted). As Santana raises this challenge for the first time on appeal, we review for plain error. See United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007). We conclude that the District Court's recitation of Santana's

5

history of violence was not double counting his criminal history.   Rather, it provided a proper explanation of the District Court's sentencing rationale, consistent with its statutory obligation to consider the "nature and circumstances of the offense and the history and characteristics of the defendant."   18 U.S.C. § 3553(a)(1); see United States v. Sanchez, 517 F.3d 651, 668 (2d Cir. 2008).

Finally, Santana argues that his sentence was substantively unreasonable because the District Court failed to account for mitigating factors.   We reject this argument because we conclude that the District Court adequately considered several mitigating factors in Santana's favor, such as Santana's history of drug abstinence, good behavior while incarcerated, and his period of legitimate employment.

We have considered the Defendants-Appellants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the appeal of Santiago is DISMISSED and the judgment of the District Court as to Santana is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

6